J. Robert Lynch, J.
This motion by the defendants under CPLR 3211 (subd. [a], par. 5) to dismiss the summons and complaint for being barred by the Statute of Limitations raises the question when is the summons “ delivered ” for service to the Sheriff (CPLR 203, subd. [b], par. 5), the day it was postmarked or the day the Sheriff received it.
The cause of action accrued on December 19, 1970 and had to be commenced within three years, with a 60-day extension were the summons delivered within the three-year period to the *130 ■Sheriff for service. The Sheriff received the summons and complaint on December 21, 1973 but they were postmarked to him on December 19,1973.
In a number of cases it has been held that service of papers becomes effective upon their mailing rather than upon their receipt, but in each case the pertinent statute expressly permitted other than personal service.
In Matter of Knickerbocker Ins. Co. (Gilbert) (28 N Y 2d 57), it was held that there was compliance with a 10-day period within which to move to stay arbitration when the motion papers were mailed on the tenth day but not received until the eleventh. However the statute with which the court was concerned (OPLR 7503, subd. [c]) expressly permitted service by mail; (See, also, Matter of Glens Falls Ins. Co. v. Anness, 62 Misc 2d 592.)
In Hurley v. Olcott (198 N. Y. 132) effective delivery was predicated on mailing rather than receipt, but again this was in interpretation of a statute which expressly permitted mailing. The court analogized with the “ many cases [in which] the statute provides that notice may be received by mail ” (p. 134) and held that the Legislature may prescribe other than personal service.
In negotiable instrument actions, mailing has been deemed to constitute “ delivery ” (People v. Continental Cas. Co., 157 Misc. 15; Finn v. National City Bank, 36 N. Y. S. 2d 545), but for the reason that the statutory definition of “ delivery ”, for the purposes of negotiable instruments, includes constructive as well as actual transfer of possession (Negotiable Intruments Law, § 2, now Uniform Commercial iCode, § 1-201).
From these cases we conclude that mailing itself is effective delivery only when mailing is permitted by statute. Here, with the statute silent about mailing and requiring only delivery to the Sheriff, mailing is not forbidden but is done at the risk of the sender that the summons will be actually received by the Sheriff too late.
The motion to dismiss is granted.