JOHN A. ZARILLO, JR., ET AL. *v.* JOHN C. PECK ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 210

Argued February 10—decided April 9, 1976

*Joseph F. Keefe,* for the appellants (plaintiffs).

*John P. McKeon,* for the appellees (defendants).

PARSKEY, J. The issue raised by the first assignment of error and the principal issue involved in this appeal is whether a writ, summons and com-

plaint received by a sheriff, by mail, had been "personally delivered" within the meaning of § 52-593a[1] of the General Statutes. We hold that it has been so delivered and we reverse. The second assignment of error was not briefed and is considered abandoned. *State* v. *Keeler*, 164 Conn. 42, 43. The third assignment was withdrawn during argument.

This is a negligence action. The accident which gave rise to the action occurred on October 24, 1970. According to the sheriff's return, the writ was served on the defendants on November 1, 1972. In response to the defendants' motion for summary judgment on the ground that the right of action for the cause stated in the complaint was barred by the two-year statute of limitations, the deputy sheriff who served the writ signed an affidavit stating that the writ, summons and complaint "came into his hands on October 18, 1972, delivered via U. S. Mail." If the receipt of the writ, as described, complied with § 52-593a then the service of the complaint within fifteen days of that receipt was timely.

It may be noted, parenthetically, that the return did not conform with the statutory requirement that the deputy sheriff who made service endorse thereon the date of delivery of the writ to him. Since this irregularity has not been questioned, and since, in any event, it is curable by amendment of the return; *Hannon* v. *Bramley*, 65 Conn. 193, 199;

---

[1] "[General Statutes] Sec. 52-593a. RIGHT OF ACTION NOT LOST WHERE PROCESS SERVED AFTER STATUTORY PERIOD, WHEN. No cause or right of action shall be lost because of the passage of the time limited by law within which such action may be brought, if the process to be served is personally delivered to an officer authorized to serve such process or is personally delivered to the office of any sheriff within the time limited by law, and such process is served, as provided by law, within fifteen days of such delivery. In any such case the officer making such service shall endorse under oath on his return the date of delivery of such process to him for service in accordance with this section."

we may proceed to consider the ground upon which the trial court granted summary judgment, namely, that the writ was barred because the delivery of the writ to the officer by mail did not comply with § 52-593a, the extension statute.

Section 52-593a, unlike General Statutes § 52-54, the service-of-summons statute, does not spell out how delivery shall be made. The latter statute, for example, prescribes that service shall be made by reading the summons and complaint in the hearing of the defendant or by leaving an attested copy with him or at his usual place of abode. The purpose of prescribing those modes of service is to ensure actual notice to the defendant. *Smith* v. *Smith,* 150 Conn. 15, 20; *Clegg* v. *Bishop,* 105 Conn. 564, 569. That objective is furthered by requiring the serving officer to report his doings on his return. See General Statutes § 52-90.

All that § 52-593a requires, on the other hand, is that the process be personally delivered. It does not require that the delivery be made by the plaintiff, his attorney, or any particular individual. The person making the delivery has no statutory role to perform respecting the delivery. He is neither required nor permitted to endorse his doings on the return. In addition, the statute does not detail the manner of making delivery. The word "deliver" includes a handing over for the purpose of taking even though both acts do not occur simultaneously. *State* v. *Koenig,* 120 Conn. 39, 43. Although delivery by mail is not mentioned in the extension statute, such delivery is not precluded. The fact that the extension statute becomes operative only where the process has been delivered before the running of the statute of limitations, and the fact that the serving officer is required to attest to the date of delivery suggest that the purpose of the statute

is to ensure that the process is received on time by the officer. The word "personally" means in a personal manner; Webster, Third New International Dictionary; in person. World Book Encyclopedia Dictionary. For something to be delivered in person it must be so delivered as to come into the possession of the person to whom it is to be delivered. Thus, where a delivery of process is to be made by mail, it has not been personally delivered until it has been received in person by the serving officer, at which point he can so attest.

If our extension statute simply used the word "delivered" without the modifier, there would be a question as to whether depositing the process in the mail box might not be a sufficient delivery. In *Palm* v. *Jones,* 74 Misc. 2d 580 (N.Y.), the court, construing a statute[2] which provides a sixty-day extension where the summons is delivered to the sheriff for service upon the defendant, held that the deposit of a letter containing the summons in a post office box was tantamount to delivery even though the letter was received after the running of the limitations statute. In another case it was held that although mailing was not forbidden it was at the risk of the sender and, unless the process was received within the period of the statute of limitations, the fact that it had been mailed was ineffectual to extend the time for service. *Interstate System, Inc.* v. *Bev Pac, Inc.,* 77 Misc. 2d 129 (N.Y.). The use of the word "personally" in our statute makes it crystal clear that the process must be received by the officer within the limitations period in order to make the extension statute operative. We hold that the process which came into the hands of the deputy sheriff by mail was "personally delivered" to him within the meaning of § 52-593a of the General Statutes.

---

[2] N.Y. Civ. Prac. Law § 203 (b) 5.

There is error, the judgment is set aside and the case is remanded with direction to deny the defendants' motion for summary judgment.

In this opinion D. SHEA and SPONZO, Js., concurred.