[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO DISMISS (#102)
The plaintiffs, Blue Hills Insurance Brokerage Marketing Group, Inc. and Carolanne Curry, bring this action against the defendant, Colonial Life Accident Insurance Co., to recover damages for the defendant's alleged failure to pay commissions pursuant to a "special group broker agreement." In the first count of the complaint, the plaintiffs allege that the defendant's conduct violated the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes §§ 38a-815 and 38a-818, and the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et seq. In the second count, the plaintiffs assert a breach of contract claim against the defendant.
On October 21, 1994, the defendant filed a motion to dismiss the first count of the complaint on the ground of lack of subject matter jurisdiction (#102). The defendant argues that the court lacks subject matter jurisdiction because the plaintiffs failed to bring their CUTPA claim within the three year statute of limitations period provided by General Statutes § 42-110g(f). The defendant also argues that the plaintiffs cannot rely on the defendant's alleged violation of CUIPA because CUIPA does not provide for a private right of action. Thus, the defendant essentially argues that the plaintiffs' CUIPA claims are also subject to CUTPA's three year limitations period.
On November 18, 1994, the plaintiffs filed a memorandum in opposition (#105). The plaintiffs argue that a motion to dismiss is not the proper method to raise the statute of limitations, as this defense must be raised by a motion to strike or a special defense. The plaintiffs argue, in the alternative, that the three year limitations period in § 42-110g(f) is not jurisdictional in nature, and should be treated as an ordinary statute of limitations CT Page 2218 because the cause of action existed at common law. The plaintiffs also contend that the statute of limitations was tolled because the defendant owed them a continuing legal duty.
Practice Book § 143(1) provides in pertinent part that "[t]he motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter . . . ." Subject matter jurisdiction "is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Citation omitted.) Castro v. Viera, 207 Conn. 420, 427, 541 A.2d 1216
(1988). The ground of lack of subject matter jurisdiction may be raised by any of the parties or by the court, sua sponte, at any stage of the proceedings. Daley v. Hartford, 215 Conn. 14, 28,574 A.2d 194 (1990).
Prior to discussing the substantive issues presented by this motion, the court notes some additional facts. The last wrongful act complained of by the plaintiffs allegedly occurred on August 29, 1991. This is the relevant date for purposes of calculating the applicable statute of limitations. In the sheriff's return, the sheriff attests that "[o]n September 6, 1994, the writ, summons and complaint . . . came with and in my hands by mail postmarked August 26, 1994." The sheriff further attests that "[i]n accordance with [General Statutes § 52-593a], I made due and legal service on the defendant . . . on September 8, 1994, and within 15 days of receipt of said writ, summons and complaint."
General Statutes § 52-593a provides in pertinent part that:
 (a) [A] cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.
"[W]here a delivery of process is to be made by mail, it has not been personally delivered until it has been received in person by the serving officer, at which point he can so attest." Zarillo v.Peck, 33 Conn. Sup. 676, 679, 366 A.2d 1165 (App. Sess. 1976). "The use of the word `personally' in [§ 52-593a] makes it crystal CT Page 2219 clear that the process must be received by the officer within the limitations period in order to make [§ 52-593a] operative." Id.
In the present case, the sheriff attests that he received the summons and complaint on September 6, 1994, after the applicable three year statute of limitations had expired. It is of no moment that the sheriff attests that the writ, summons and complaint were postmarked August 26, 1994. Thus, the first count of the plaintiffs' complaint, which sounds in CUTPA, was not timely commenced. Nevertheless, the date of service of process does not affect the plaintiffs' second count, which sounds in breach of contract, and which is subject to a different statute of limitations.
With respect to the plaintiffs' CUTPA claim, the limitations period is stated within the statutory scheme that establishes the remedy.[1] "Where . . . a specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the proscribed period and not thereafter." Wilson v. Kelly,224 Conn. 110, 123, 617 A.2d 443 (1992). "In this situation, the court may properly raise the statute of limitations issue on its ownmotion because it is considered substantive or jurisdictional, and not subject to waiver . . . ." (Citations omitted.) (Emphasis added.) Id.
In the present case, the defendant, not the court, is raising the statute of limitations issue. A motion to strike is generally used to raise the statute of limitations defense when "`a statutes gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced . . . .'"Forbes v. Ballaro, 31 Conn. App. 235, 239-40, 624 A.2d 389 (1993). Thus, the defendant should have raised its statute of limitations argument on a motion to strike.[2] See Paganetti v. Curtis, Superior Court, judicial district of Middlesex, Docket No. 61850 (December 21, 1992, Walsh, J.) (court denied defendant's motion to dismiss plaintiffs' CUTPA claim on ground that the statute of limitations contained in § 42-110g(f) had expired).
The plaintiffs also argue that the defendant owed them a continuing duty which tolled the statute of limitations. The issue of whether a continuing duty exists and the nature of such a duty should not be decided on a motion to dismiss. "A motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action. That should be done, instead, by way of a motion to strike." Anderson v. Schaeffer,
CT Page 222035 Conn. App. 31, 37, ___ A.2d ___ (1994).
Accordingly, the court denies the defendant's motion to dismiss.
COCCO, JUDGE