[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT TABACCO'S MOTION TO DISMISSDATED DECEMBER 29, 1993
The plaintiffs Joseph C. Mercieri, Jr. and Janice Mercieri have appealed to the Superior Court in their effort overturn a decision rendered by the defendant Zoning Board of Appeals for the City of Bristol on May 20, 1991. On that date, the Zoning Board of Appeals sustained an application brought by the defendants Robert Tabacco and Lori Tabacco, who had requested that agency to revoke the building permit and zoning certificate which were issued to the plaintiffs on April 22, 1991.[1] This permit and certificate had authorized construction on an addition to the plaintiffs' existing single family residence. On December 29, 1993, the defendants Robert Tabacco and Lori Tabacco moved to dismiss the appeal,[2] claiming the plaintiffs' service of process was inadequate as a matter of law, as service upon the town clerk was made beyond the time limits allotted by statute, and that therefore this court lacks subject matter jurisdiction. This court finds the issue in favor of the plaintiffs.[3]
The building permit and zoning certificate issued on April 22, 1991 apparently approved plans for continued construction on an addition to the plaintiffs' home located at 59 Old Cider Mill Road, in Bristol, Connecticut.[4] This addition was planned to consist of a bedroom, a great room, two baths, a laundry and utility room, a children's play area and a loft. The documents CT Page 4295 reflecting the continued construction were issued by an agent of the City of Bristol having authority in such matters. On April, 24, 1991, the defendants appealed the decision of the zoning enforcement officer who had issued zoning certificate No. 7026 to the Zoning Board of Appeals for the City of Bristol, claiming that the addition did not comply with the current zoning regulations of the City of Bristol. Thereafter, on May 20, 1991, the Zoning Board of Appeals heard Application No. 2931, the Tabaccos' appeal of the zoning certificate No. 7026 that was issued on April 22, 1991. On that date, the Zoning Board of Appeals granted the Tabaccos' application, thereby revoking the plaintiffs building permit and zoning certificate. Notice of the board's decision was published in the Bristol Press on May 23, 1991.
On June 4, 1991, the plaintiffs appealed the granting of the Tabaccos' application by the Zoning Board of Appeals, seeking an order from the Superior Court that would remand the case to the Board with direction to vacate and reverse their revocation of the zoning certificate and building permit at issue. On that date, by way of writ, the plaintiffs commanded a proper officer to summon the following individuals to appear before the Superior Court, Judicial District of Hartford/New Britain at New Britain on July 2, 1991: the Zoning Board of Appeals of the City of Bristol; Joseph A. Lanosa, its chairman; Richard Pratt, its clerk; Robert Tabacco and Lori Tabacco. The officer was also instructed to "leave with or at the usual place of abode of the Chairman or Clerk of said board, the Clerk of the City of Bristol, and other parties above named, a true and attested copy of the complaint and the citation."
By way of affidavit[5] and return of service, Deputy Sheriff Ralph Dolce of Hartford county has sworn that on June 5, 1991 he personally received the process to be served. Dolce's affidavit further states that he served Lanosa, Pratt, Robert Tabacco and Lori Tabacco on that date, and that on June 13, 1991, he served the Clerk of the City of Bristol.
 I
In their Motion to Dismiss, the defendants claim that because the Clerk of the City of Bristol was not served within fifteen days of the publication of the Zoning Board's decision, as is ostensibly required by General Statutes § 8-8(b), this court lacks subject matter jurisdiction so that plaintiffs' appeal CT Page 4296 should be dismissed.[6] The defendants have not claimed that any necessary or indispensable party was denied effective service of process in this case, nor have they asserted that they or the defendant Zoning Board of Appeals have suffered any prejudice as the result of the date on which the Clerk of the City of Bristol was served.
The defendants' argument too strictly construes the schedule for service of process which is acceptable in zoning appeals. The protocol for service of process in such matters is set forth in § 8-8 of the General Statutes. General Statutes § 8-8(f) establishes that "failure to make service within fifteen days on parties other than the board shall not deprive the court of jurisdiction over the appeal." The term "fifteen days", as used in General Statutes § 8-8(f), is explicated in General Statutes § 8-8(b). This section provides, in pertinent part, that the Superior Court's review of a decision of a zoning board of appeals "shall be commenced by service of process in accordance with subsections (e) and (f) of this section withinfifteen days from the date that notice of the decision waspublished as required by the general statutes." (Emphasis added.) General Statutes § 8-8(b). General Statutes § 8-8(e) sets forth the manner of service to be made by the sheriff or proper officer to whom the writ and summons are delivered, and specifies that service upon the clerk of the municipality "shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make . . . the clerk of the municipality a necessary party to the appeal."
The record clearly reflects that the defendant Zoning Board of Appeals was timely served on June 5, 1991 through its chairman, Lanosa, and its clerk, Pratt. The defendant Tabaccos were served, as well, on June 5, 1991. Thus all necessary parties were served within fifteen days of May 23, 1991, when the notice of the zoning board of appeals' decision was published. Service upon the city clerk is merely made to provide the municipality with notice of the pending appeal, as a matter of comity between the plaintiffs and the local government. General Statutes §8-8(e). As specified by General Statutes § 8-8(f), failure to serve the Clerk of the City of Bristol within the fifteen day period following publication of the zoning board of appeals' decision "shall not deprive the court of jurisdiction over the appeal."
The court's jurisdiction in this case is further enforced CT Page 4297 through the application of General Statutes § 52-593a. Contrary to the defendants' claim, that section applies to appeals brought to the Superior Court from decisions made by local zoning boards, offering the opportunity for an effective fifteen day extension of the time for service of process contemplated by General Statutes § 8-8(b). Flaim Enterprises,Inc. v. Town Plan and Zoning Commission of the Town of Orange, judicial district of New Haven at New Haven, Docket No. 305860 (February 27, 1991), 1991 Ct. Sup. 1261, 1263 (1991); 9 R. Fuller, Connecticut Practice — Connecticut Practice Book Annotated, Land Use Law and Practice (1993) § 25.10, p. 467-68. General Statutes § 52-593a provides that "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of delivery." In this case, the record reflects that the process to be served was provided by the plaintiffs to Sheriff Dolce's personal possession on June 5, 1991, thirteen days after the publication of notice that the Tabaccos' appeal had been sustained by the defendant Zoning Board of Appeals. The record further reflects that Dolce served the Clerk of the City of Bristol on June 13, 1991, some eight days later, and thus within the fifteen day period provided by General Statutes § 52-593a. Accordingly, since the sheriff served process upon all parties within fifteen days of the date when the process was delivered to him, the service upon the city clerk was timely.Flaim Enterprises v. Town Plan and Zoning Commission of the Townof Orange, supra, 1991 Ct. Sup. 1263. See Zarillo v. Peck,33 Conn. Sup. 676, 679, cert. denied, 171 Conn. 747 (1976) (mail delivery of process to sheriff approved in negligence action).
 II
The defendants have submitted that this court has no jurisdiction over the plaintiffs' appeal because General Statutes § 52-593a,[7] when enacted, did not contemplate the saving provisions subsequently established by General Statutes §§ 8-8(b), 8(e), 8(p), and 8(q), which were obtained through the revision of General Statutes § 8-8 by P.A. 89-356. This argument avoids acknowledging the axiom "that the legislature, in enacting a statute, acts with the knowledge of of existing relative statutes and with the intention of creating one CT Page 4298 consistent body of law." (Citations omitted.) Commissioner v.Freedom of Information Commission, 204 Conn. 609, 621 (1987). See also Zachs v. Groppo, 207 Conn. 683, 696 (1988).
"In construing a statute, `our goal is "to ascertain and give effect to the apparent intent of the legislature."' In re SheldonG., 216 Conn. 563, 568 (1990), quoting State v. Champagne,206 Conn. 421, 428 (1988). When the words of a statute are plain and unambiguous, we need look no further for interpretive guidance, because we assume that the words themselves express the intention of the legislature." (Parallel citations omitted.) TCR NewCanaan, Inc. v. Planning Zoning Commission of the Town ofTrumbull, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 389353, 1992 Ct. Casebase 3111, 3119-20 (April 5, 1992) (Berger, J.).
Applying those principles to the statutory subsections at issue, it is clear that the defendants' interpretation is strained and contrary to the legislative intention. General Statutes § 8-8(p) provides: "The right of a person to appeal a decision of a board to the superior court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. The appeal shall be considered to be a civil action and, except as otherwise required by this section or the rules of the superior court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes." A liberal interpretation of General Statutes §§ 8-8(b) and 8(f) requires the court to examine the nature and extent of the plaintiffs' perfected efforts at service of process. Such analysis leads to the court's acknowledgment that, in this case, all necessary parties were properly served within fifteen days of publication if the decision of the zoning board of appeals, pursuant to General Statutes § 8-8(b), and that proper service was made upon the Clerk of the City of Bristol, for notice purposes, within the following fifteen days, pursuant to General Statutes § 8-8(f) and General Statutes § 52-593a.
The defendants rely upon Carr v. Somers Zoning Board ofAppeals, Superior Court, judicial district of Tolland, Docket No. 044024, 1991 CaseBase 10527, 7 CSCR 106 (December 13, 1991), for their claim that the savings clause of General Statutes § 8-8(q) will not protect the plaintiffs from the "substantive" defect which mortally taints their service of process. In Carr v.CT Page 4299Somers Zoning Board of Appeals, finding lack of subject matter jurisdiction, the court denied the plaintiff's motion to open a judgment that had dismissed his appeal from a decision of the defendant zoning board. The text of that decision reflects that the plaintiff had served both the town clerk and the chairman of the zoning board of appeals after the expiration of the fifteen day period permitted for filing appeals pursuant to General Statutes § 8-8(b). As Judge Dunn observed, "Pursuant to section 8-8(f), the plaintiff's failure to serve the town clerk within the fifteen day period did not deprive the court of jurisdiction. However, the plaintiff also failed to serve thechairman of the Board within the fifteen day period." (Emphasis added.) Carr v. Somers Zoning Board of Appeals, supra, 1991 CaseBase 10530. In the instant case, the Tabaccos concede that timely service was made upon the chairman of the Zoning Board of Appeals of the City of Bristol, a necessary party to this action under General Statutes § 8-8(b). Defendant Tabaccos' Motion to Dismiss, p. 1. Therefore, the lessons of Carr v. Somers ZoningBoard of Appeals, supra, do not support the defendants' claims.
The defendants argument that the plaintiffs are not saved by application of General Statutes § 8-8(q) is similarly unpersuasive. General Statutes § 8-8(q) establishes, in pertinent part, that "[i]f any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal." General Statutes § 8-8(q). By its terms, this subsection applies to appeals whereinsufficient service or return of legal process has occurred. The court has determined that service in this case is sufficient, so that the legislative antidote available through General Statutes § 8-8(q) need not be prescribed.
As discussed in parts I and II, the plaintiffs appeal was commenced by timely and proper service upon parties necessary to this action. Having found that the court has effective subject matter jurisdiction, the defendants' Motion to Dismiss dated December 29, 1993 is denied.
BY THE COURT,
N. Rubinow, J. CT Page 4300