[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 120)
The instant dispute raises the question of whether the defendant's motion for summary judgment on all counts of the plaintiffs' complaint brought under the Connecticut Product Liability Act, General Statutes § 52-572m et seq., should be granted on the ground that the plaintiffs failed to effectuate service of process upon the defendant within the applicable statute of limitations period. The court concludes that there are material issues of fact surrounding the running of the statute of limitations, and therefore, summary judgment is inappropriate.
On March 16, 1998, the plaintiffs, Manuel Leandres (Manuel) and Gail Marie Leandres (Gail Marie), filed a six-count complaint against the defendant, Mazda Motor Corporation (Mazda), a Japanese corporation located in Hiroshima, Japan. The plaintiffs allege that on December 18, 1994, Manuel incurred serious injuries resulting from the deployment of the driver's side airbag in a 1995 Mazda Protege. In addition, Gail Marie, Manuel's wife witnessed the incident and subsequent injury to her husband, and as a result she alleges serious emotional distress. Moreover, Gail Marie also alleges loss of consortium due to Manuel's serious injuries.
On November 3, 1997, due to the requirements for international service of process set forth in the Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters, (November 15, 1965), 20 U.S.T. 361, T.I.A.S. 6638 (1968) (hereinafter referred to as the Hague Convention), the plaintiffs filed a motion pursuant to General Statutes § 52-59d (b). In that motion the plaintiffs sought to extend the completion date for service of process, the date for return of the complaint to the court and the return date. On November 13, 1997, the court, Skolnick, J., granted the plaintiffs' motion and ordered that service of the complaint be completed no later than December 15, 1997, that the complaint be returned to the court no later than February 17, 1998 and that the return date be extended until February 24, 1998. On February 24, 1998, upon the plaintiff's motion, the court, Skolnick, J.,
ordered that the complaint be returned to the court no later than March 24, 1998, and also extended the return date until March 31, CT Page 15573 1998.
On April 14, 1999, Mazda filed a motion for summary judgment, with supporting memorandum of law, on all counts of the plaintiffs' complaint. On April 22, 1999, Mazda filed an answer and special defenses, pleading, inter alia, the defense of the statute of limitations. Thereafter, on May 27, 1999, the plaintiffs filed an objection to Mazda's motion for summary judgment with an accompanying memorandum of law and affidavit. On June 9, 1999, Mazda filed a reply memorandum of law in support of its motion for summary judgment.
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Alvarezv. New Haven Register, Inc., 249 Conn. 709, 714, ___ A.2d ___ (1999). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24,727 A.2d 204 (1999).
It is well established that summary judgment may be granted where the claim is barred by the statute of limitations. Doty v.Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996). However, summary judgment is appropriate on statute of limitation grounds when the material facts concerning the statute of limitations are not in dispute. See Burns v. Hartford Hospital, 192 Conn. 451, 452,472 A.2d 1257 (1984).
Mazda argues that the plaintiffs failed to commence their action within the prescribed statute of limitations period, and thus their action is time barred. Specifically, Mazda argues that the plaintiffs were required to commence their action on or before December 18, 1997. Mazda argues, that because the action was not commenced until December 25, 1997, the action was time barred.
Mazda further argues that the plaintiffs may not avail CT Page 15574 themselves of the statutory extension of the limitations period provided by General Statutes § 52-593a (a). Mazda argues that the plaintiffs are unable to establish that process was personally delivered to an authorized officer within the limitations period and then served upon Mazda within fifteen days after delivery. Moreover, Mazda argues that the plaintiffs may not avail themselves of any relief under General Statutes §52-59d.[1]
In response, the plaintiffs argue that because Mazda is a foreign corporation, located in Hiroshima, Japan, service of process was governed by the Hague Convention. Moreover, the plaintiffs argue that service on Mazda was timely effectuated pursuant to the Hague Convention and Connecticut statutory law within the prescribed limitations period. In support of their position, the plaintiffs argue that the Hague Convention preempts Connecticut statutory law because in the face of a conflict between state law and an applicable treaty, the supremacy clause of the United States Constitution dictates that the treaty govern.
Furthermore, the plaintiffs argue that service was timely effectuated on an official designated by the Japanese government to accept service of process in advance of the expiration of the applicable three year statute of limitations. Specifically, the plaintiffs point out that they retained APS International, Ltd. (APS), a corporation which specializes in the service of documents to international corporations located outside the United States, to effectuate service on Mazda in Japan. On November 20, 1997, APS received the complaint and accompanying documents for translation into Japanese. The plaintiffs argue that a request for service of process, conforming to the Hague Convention requirements, was transferred via federal express courier to the Japanese central authority on December 5, 1997. Thereafter the central authority transferred the documents to the agency or agencies designated under Japanese law to serve international process. On December 25, 1997, the defendant was personally served.
 A. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters
The Hague Convention is a multilateral treaty which creates a uniform method for service of documents between nationals of different countries. See Hague Convention, supra, 20 U.S.T. 362. CT Page 15575 Notably,
 "[o]ne of the two stated objectives of the [Hague Convention] is to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time." (Internal quotation marks omitted.) Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 702-03, 708 S.Ct. 2104, 100 L.Ed.2d 722 (1988).
The applicable provisions of the treaty require that each signatory establish a central authority to receive requests for service of documents from other countries. See Hague Convention, supra, 20 U.S.T. 362. Once the central authority receives the request for service, it shall itself serve or arrange for a designated agency to serve the documents through a uniform method prescribed under its domestic laws. See Hague Convention, supra, 362. After service is completed the central authority must then provide a certificate of service to the requesting party stating the method of service, date of service and the person served. See Hague Convention, supra, 363.
 B. General Statutes § 52-593a
As a preliminary matter, the Connecticut Product Liability Act, General Statutes § 52-572m et seq., sets forth the exclusive remedy for all claims of injury and property damage alleged to have been caused by defective products. Moreover, General Statutes § 52-577a provides that the applicable statute of limitations for a product liability action is three years.
To determine whether an action is timely filed, it has long been the law in this state that an action is deemed to be commenced on the date service is made on the defendant. Stingonev. Elephant's Trunk Flea Market, 53 Conn. App. 725, 729, ___ A.2d ___ (1999). A statute of limitations normally acts as a bar to a remedy otherwise available. Gabrielle v. Hospital of St. Raphael,33 Conn. App. 378, 385, 635 A.2d 1232, cert. denied,228 Conn. 928, 640 A.2d 115 (1994). Nevertheless, an exception to this rule is found in General Statutes 52-593a(a). Notably, General Statutes § 52-593a sets forth a limited exception, enabling an action to proceed after the statute of limitations has run. See Stingone v. Elephant's Trunk Flea Market, supra, CT Page 1557653 Conn. App. 729.
General Statutes § 52-593 provides in relevant part that
 "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery."
Further, subsection (b) provides that
 "[i]n any such case the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this section." General Statutes § 52-593a (b).
In consequence, § 52-593a requires that a litigant satisfy the following two prong inquiry: (1) was process personally delivered to an officer authorized to serve process within the limitations period and (2) did that officer serve process on the defendant within fifteen days after delivery. See General Statutes § 52-593a (a). In the present case the first prong of § 52-593a has been satisfied. All that 52-593a
requires is that the process be personally delivered. Zarillo v.Peck, 33 Conn. Sup. 676, 678 (Appellate Session, Superior Court, 1976). It does not require that the delivery be made by the plaintiff, his attorney, or any particular individual. Id. The person making the delivery has no statutory role to perform respecting the delivery. Id. In addition, the statute does not detail the manner of making delivery. The word `deliver' includes a handing over for the purpose of taking even though both acts do not occur simultaneously. Id. Although delivery by mail is not mentioned in the extension statute, such delivery is not precluded. Id. The fact that the extension statute becomes operative only where the process has been delivered before the running of the statute of limitations, and the fact that the serving officer is required to attest to the date of delivery suggest that the purpose of the statute is to ensure that the process is received on time by the officer. The word `personally' means in a personal manner. See Zarillo v. Peck, supra, 678-79. CT Page 15577
In the present case there is a factual dispute as to whether the second prong of the § 52-593a inquiry has been satisfied, i.e., when were the documents placed in the hands of the server. Contrary to § 52-593a (b), the Hague Convention does not require that the foreign country document the date that process is delivered to the office of the official designated to effectuate service. In the present case, the date that process was personally delivered by the central authority to the office of the official designated to effectuate service is unknown. Moreover, although summary judgment may be granted where the action is barred by the statute of limitations; see Doty v.Mucci, supra, 238 Conn. 806; it is not appropriate where there is a genuine issue of material fact regarding the statute of limitations. See Burns v. Hartford Hospital, supra,192 Conn. 452. This is precisely the situation in the instant case. Since there is a serious question of facts as to compliance with the delivery requirements of § 52-593a, a fortiori, there is a material issue of fact relating to the statute of limitations as it applies to this case.
Because of the above analysis, summary judgment is inappropriate. Accordingly, the defendant's motion for summary judgment on all counts of the plaintiffs' complaint is herebydenied.
Melville, J.