[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #126
On October 27, 1999, the plaintiff, William Gillette, filed a complaint against the defendants, Knaus Development Company, LLC, and Knaus Building Company, Inc. The complaint had a return date of November 30, 1999. Pursuant to General Statutes § 52-102b, Knaus Development Company, LLC, hereinafter the apportionment plaintiff, filed an apportionment complaint dated March 27, 1999, against the apportionment defendants, Terry Klemonski d/b/a Precision Acoustics, State Mechanical CT Page 11946 Services (SMS) and Zavarella Woodworking, Inc. The apportionment complaint was served on SMS on March 30, 2000, which is one hundred twenty-one days after the return date of the original complaint.
On May 9, 2000, SMS filed a motion to dismiss the apportionment complaint on the ground that the court lacks subject matter jurisdiction. SMS asserts that the apportionment plaintiff failed to serve SMS within the one hundred twenty days required by General Statutes § 52-102b, thereby depriving the court of subject matter jurisdiction. SMS further asserts that the apportionment plaintiff cannot invoke the saving provision of General Statutes § 52-593a because it does not apply to a statutorily created cause of action and because the sheriff did not endorse under oath on his return the date that process was delivered to him for service as required by § 52-593a (b), thereby depriving the court of subject matter jurisdiction.
As required by Practice Book § 10-31, SMS has filed a memorandum in support of its motion to dismiss, and the apportionment plaintiff has filed a memorandum supporting its objection to the motion to dismiss. SMS has also filed a reply to the objection to the motion to dismiss.
 DISCUSSION
A motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v.Manchester, 235 Conn. 637, 645-46, n. 13, 668 A.2d 1314 (1995). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1,4, 675 A.2d 845 (1996)
EMS moves to dismiss the apportionment complaint brought by the apportionment plaintiff pursuant to General Statutes § 52-102b. This statute allows a defendant in a civil action to "serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages . . . General Statutes § 52-102b (a). "Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint." General Statutes CT Page 11947 § 52-102b (a)
SMS argues that the court lacks subject matter jurisdiction because the apportionment plaintiff failed to serve the apportionment complaint upon the apportionment defendant within the one hundred twenty day period required by the statute. The apportionment plaintiff argues, on the other hand, that the motion to dismiss should be denied because the apportionment complaint was delivered to the sheriff and served within the time period provided by General Statutes § 52-593a (a), which is a remedial statute intended to preserve a right of action where process is served after the statutory period. In reply, EMS argues that § 52-593a
does not apply to save untimely served apportionment complaints. EMS further argues that, even assuming the summons and apportionment complaint were delivered to the sheriff within the one hundred twenty days required by § 52-102b and were served within fifteen days afterwards as required by § 52-593a (a), the apportionment plaintiff cannot invoke § 52-593a because the sheriff has failed to endorse, under oath on his return, the date that process was delivered to him for service as required by § 52-593a (b)
The saving provision of General Statutes § 52-593a is contained in subsection (a) and provides that "[e]xcept in the case of an appeal from an administrative agency governed by section 4-123, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." General Statutes § 52-593a (a). Subsection (b) provides that "[i]n any such case the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this section." General Statutes § 52-593a (b).
The vast majority of trial courts have held that the time limitation of General Statutes § 52-102b is jurisdictional and an apportionment complaint served beyond the one hundred twenty day period may be attacked by a motion to dismiss. See, e.g., Tine v. Baker, Superior Court, judicial district of New London at Norwich, Docket No. 116645 (March 27, 2000, Hurley, J.). Only one trial court has held that the requirements of § 52-102b are not jurisdictional and mandatory. See Ketchale v.Unger, Superior Court, judicial district of New Haven at New Haven, Docket No. 396218 (July 14, 1998, Levin, J.) (22 Conn.L.Rptr. 418)
In addition, no appellate authority exists and a split of authority exists among the Superior Courts as to whether General Statutes § CT Page 1194852-593a applies to statutorily created causes of action. See Martidis v.Lombard Realty, Superior Court, judicial district of Waterbury, Docket No. 142374 (July 30, 1998, Pellegrino, J.) (22 Conn.L.Rptr. 534). Several courts have reasoned that § 52-593a does apply to save untimely service of an apportionment complaint. See Mayfield v.Colagiovanni, Superior Court, judicial district of New Haven at New Haven, Docket No. 390493 (May 6, 1999 Lager, J.) (24 Conn.L.Rptr. 448);Martidis v. Lombard Realty, supra, 22 Conn.L.Rptr. 534; Celanov. Scasino, Superior Court, judicial district of New Haven at New Haven, Docket No. 335460 (February 11, 1997, Devlin, J.) (19 Conn.L.Rptr. 183);Hitson v. Housing Authority, Superior Court, judicial district of Fairfield, Docket No. 329660 (December 23, 1996, Levin, J.). This reasoning is supported by the fact that "[t]he savings provisions of General Statutes § 52-593a should be liberally construed . . . [to effectuate] the statute's remedial purpose." (Internal quotation marks omitted.) Mayfield v. Colagiovanni, supra, 24 Conn.L.Rptr. 449. Further, "[t]he legislature only excepted administrative appeals from the saving provisions of § 52-593a. Apportionment actions are not excluded." (Internal quotation marks omitted.) Id. Moreover, "a court should not elevate form over substance by analyzing a statute on the basis of its structure rather than its purpose." (Internal quotation marks omitted.) Martidis v. Lombard Realty, supra,22 Conn.L.Rptr. 535.
While General Statutes § 52-593a may be applicable, it "becomes operative only where the process has been delivered before the running of the statute of limitations . . . the serving officer . . . attest[ed] to the date of delivery . . . and the process is served within fifteen days of the date of delivery." (Internal quotation marks omitted; citation omitted.) Thomas v. Nicola, Superior Court, judicial district of New London at New London, Docket No. 524494 (May 6, 1994, Austin, J.) Although "some courts have held that the officer's return must contain the endorsement . . . other courts have permitted the suit to go forward where the plaintiff filed affidavits from the sheriff attesting that the sheriff received service within the time provided." (Citation omitted.)Viderman v. Pastore, Superior Court, judicial district of Stamford, Docket No. 149646 (April 12, 1996, Ryan, J.) (16 Conn.L.Rptr. 543, 544)
In this case, the sheriff's return does not contain the sheriff's endorsement that delivery of process was within the one hundred twenty day time period, and the apportionment plaintiff has not subsequently filed affidavits from the sheriff attesting that he did in fact receive the writ and summons within the time limitation of § 52-102b.[1] A sheriff's return, however, may be amended; see Martidis v. LombardRealty, supra 22 Conn.L.Rptr. 535; thus, conformity with subsection (b) CT Page 11949 of § 52-593a may be achieved. See Zarillo v. Peck, 33 Conn. Sup. 676,366 A.2d 1165 (App. Sess. 1976); Thomas v. Nicola, supra, Superior Court, Docket No. 524494.
The court therefore finds that because compliance with General Statutes § 52-593a (b) can be achieved by an amendment of the sheriff's return of process, the motion to dismiss should be denied upon condition that the apportionment plaintiff, within twenty days of receiving notice of this decision, files a supplemental or amended sheriff's return with the court containing the required endorsement as to the date of delivery.
So ordered.
BY THE COURT,
PETER EMMETT WIESE