[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action for personal injuries arising from a motor vehicle accident occurring, according to the complaint, on January 23, 199 (sic). Service was made on defendants by Frederick E. Dinardi, state marshal on January 25, 2001, according to the return of service. Defendants filed this motion for summary judgment on May 31, 2001, based on the two year statute of limitations set forth in General Statutes § 52-584. On June 12, 2001, plaintiffs in its memorandum of law opposing the motion claimed the writ and summons were actually delivered to the marshal on January 23, 2001 and that service was completed within 15 days of his receipt and this was sufficient under General Statutes § 52-593a. Defendants counter by claiming that plaintiff cannot avail himself of the benefit of this statute, because the marshal failed to note on his return the date the writ was delivered to him.
General Statutes § 52-593a (b) provides:
(b) In any such case the officer making service shall endorse under oath on such officer's return the date of delivery of the process to such officer for service in accordance with this section.
Defendant cites several superior court decisions which have held paragraph (b) to be mandatory, in the sense that failure of the officer to endorse the date of delivery on the process makes the service process of within fifteen days after delivery ineffective, see Kelly-Kroen v. DockStreet Associates. et al 1993 WL 286708 (Lewis J.) and Buck v. Esman, 1993 WL 498819 (O'Neill J.). In Zarillo v. Peck, 33 Conn. Sup. 676 (1976) Judge Parsky in considering a case where the deputy sheriff failed to endorse the date of delivery on his return, apparently did not consider such endorsement as mandatory stating "in any event, it is curable by amendment of the return", id. 677.
In the present case, plaintiff in his memorandum opposing this motion, attached a document entitled "Affidavit of Service" dated May 31, 2001, signed under oath by marshal Dinardi stating the process was delivered to CT Page 5234 him on January 23, 1999 and served by him on January 25, 2001. It should be noted that on page one of his original return the following statement appears in capital letters "SUPPLEMENTAL RETURN TO FOLLOW".
It is the view of this court that the statute does not mandate the written endorsement of the date of delivery of the process on the original return, that failure to do so is amendable, particularly with the notation used on the return in this case and that the affidavit of service dated May 31, 2001 is an adequate amendment.
Defendant claims that deposition testimony of the marshal indicates that he had no distinct recollection of the date the process was delivered to him. A review of that testimony indicates that the marshal claimed it was his invarious practice to examine process delivered to him, ascertain the date of the occurrence involved and never accept process of service if the statute of limitations had run. From this testimony a strong inference can be drawn supporting his sworn statement that delivery had been made to him no later than January 23, 2002.
In any event from defendant's point of view there would be, at the most a genuine issue of fact as to the date of delivery of the process to the marshal.
There is also a question as to whether the accident occurred on January 23 or 24, 1999, but that question of fact is not relevant to the disposition of this motion.
Motion for summary judgment denied.
Wagner, J., TJR