[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the defendants' motion for summary judgment on the first count of the plaintiff's complaint on the ground that the statute of limitations expired and the action is untimely. The motion is denied because the defendants, as the moving parties, fail to show that the material facts are undisputed and that they are entitled to judgment as a matter of law.
On February 14, 2000, the plaintiff, Nicholas Cartsounis, filed a two-count medical malpractice action against the defendants, C. Cory Rosenstein, M.D., Neurological Surgeons of Stamford, P.C. (Neurological Surgeons) and Stamford Health Systems, Inc. (Stamford Hospital). Prior to filing the complaint, the plaintiff petitioned the court for an automatic ninety-day extension of the applicable statute of limitations, pursuant to General Statutes § 52-190a (b).[1] On September 17, 1999, the clerk granted the plaintiff's petition.
In count one of the complaint, directed against Rosenstein and Neurological Surgeons, the plaintiff alleges that in September 1997, he became a patient of Rosenstein, a physician specializing in the field of neurosurgery, and that during this time, Rosenstein held himself out to the public individually and as a corporation known as Neurological Surgeons of Stamford, P.C. According to the complaint, on October 10, 1997, Rosenstein admitted the plaintiff to Stamford Hospital where, on October 15, 1997, Rosenstein negligently performed a right carotid endarterectomy upon him. The plaintiff alleges that Rosenstein continued to provide him with negligent treatment until he was discharged from the hospital on November 7, 1997. The plaintiff further alleges that as a result of Rosenstein's negligence, he has suffered and will continue to suffer pain and injuries; that he is permanently disabled and will require on-going physical therapy and long-term care in a skilled nursing facility; and that he has incurred and continues to incur expenses for medical care and treatment.[2]
CT Page 3135
According to the marshal's return, on February 9, 2000, deputy sheriff Anthony D. Verrico (marshal) served the defendants, in hand, the writ, summons and complaint. The marshal's return does not indicate the date on which the plaintiff delivered process to the marshal. Rosenstein and Neurological Surgeons (the defendants) filed an answer denying the material allegations in the complaint and have raised the special defense that the action is barred by the statute of limitations in General Statutes § 52-584. The plaintiff filed a reply in which he generally denied the defendants' special defense.
On October 8, 2002, the defendants moved for summary judgment (#132) on the ground that the action is barred by the two-year statute of limitations under General Statutes § 52-584.[3] The plaintiff has filed an opposition memo in which he asserts that the action was timely commenced pursuant to General Statutes § 52-593a.
"Summary judgment may be granted where the claim is barred by the statute of limitations"; Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996); and "material facts concerning the statute of limitations [are] not in dispute . . ." Burns v. Hartford Hospital, 192 Conn. 451, 452,472 A.2d 1257 (1984). "[T]he party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Gaynor v. Payne, 261 Conn. 585, 590-91, 803 A.2d 311
(2002). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." (Internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
In support of their motion for summary judgment, the defendants argue that according to the plaintiff, Rosenstein provided him with continuous care and treatment until November 7, 1997, and therefore, pursuant to General Statutes § 52-584, the plaintiff had until November 7, 1999, to commence his action. The defendants acknowledge that on September 17, 1999, the court granted the plaintiff a ninety-day extension pursuant to General Statutes § 52-190a (b) thereby changing the expiration date to February 7, 2000. Because the marshal did not serve process until February 9, 2000, the defendants maintain that the action is untimely. The defendants further argue that the plaintiff cannot rely on General Statutes § 52-593a to save the action because the marshal's original return of service does not comply with the statute's requirement. To support their argument, the defendants submitted as evidence the CT Page 3136 marshal's return of service dated February 9, 2000.
In opposition to summary judgment, the plaintiff argues that a genuine issue of material fact exists regarding the date on which he discovered or in the exercise of reasonable care should have discovered his injury, and thus when the statute of limitations began to run. In the alternative, the plaintiff contends that he filed an amended return of service that complies with § 52-593a and can rely on the statute.
General Statutes § 52-584 provides in relevant part that "[n]o action to recover damages for injury to the person . . . caused by malpractice of a physician, surgeon [or] hospital . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . ." To establish a right to summary judgment pursuant to § 52-584 in a medical malpractice action, it is the movant's burden to clearly show, through affidavit (s) or other documents, when the plaintiff's action accrued. Catz v. Rubenstein, 201 Conn. 39, 513 A.2d 98 (1986). An action for medical malpractice accrues "when [the plaintiff] discovered or in the exercise of reasonable care should have discovered that she had suffered some form of `actionable harm.'" Id., 48. Actionable harm occurs when the plaintiff "discovered or in the exercise of reasonable care should have discovered a causal relationship between the defendant's alleged [negligence]" and the plaintiff's injury. Id., 44.
As the moving parties in the present case, the defendants have the burden of producing evidence that shows that this action is untimely. Thus, the defendants must prove through affidavits or other documents that, assuming that the two-year statute of limitations applies here, the action was commenced more than two years and ninety days after the plaintiff discovered or in the exercise of reasonable care should have discovered a causal relationship between the defendants' alleged negligent conduct and the plaintiff's injury.
The defendants have not met this burden. Indeed, their only evidence is the marshal's return, which indicates only the date on which process was served. Because the plaintiff disputes that the action expired February 7, 2000, evidence indicating the date on which the action actually accrued is particularly important here. Evaluating these facts in the light most favorable to the nonmoving party, this court finds that the defendants have not met the burden of showing that the plaintiff's action is untimely. CT Page 3137
Even if the defendants had provided sufficient evidence on which the court could conclude that the cause of action accrued on November 7, 1997, summary judgment should still be denied because the action was timely commenced under § 52-593a.
Section 52-593a (a) provides in relevant part, "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal authorized to serve the process and the process is served, as provided by law, within fifteen days of the delivery." Section 52-593a (b), which is read in conjunction with § 52-593a (a), states that "the officer making service shall endorse under oath on such officer's return the date of delivery of the processto such officer for service in accordance with this section." (Emphasis added.) The defendants contend that because the marshal failed to comply with § 52-593a (b), neither the defendants nor the court can know whether the marshal served the defendants with process within fifteen days of the date it was delivered to him, as required by § 52-593a
(a).
The plaintiff argues that the requirement that the marshal include this information on the face of the return is instructional and not mandatory and that he has cured this defect by filing an amended return. The plaintiff has submitted as evidence the amended return of service filed on October 18, 2002, on which the marshal states that the writ, summons and complaint were personally delivered to him on February 4, 2000, and that he served the defendants with process on February 9, 2002. The plaintiff has also submitted a certified affidavit signed by the marshal in which the marshal attests that on February 4, 2000, he personally appeared at the plaintiff's attorney's office and received the complaint in the present matter, and that on February 9, 2000, he served process upon the defendants.
When determining the date a civil action has commenced, the Supreme Court "has long held that an action is brought once the writ, summons and complaint have been served upon a defendant." Rana v. Ritacco,236 Conn. 330, 337, 672 A.2d 946 (1996). "An exception to this rule, however, may be found in General Statutes § 52-593a (a). . ."Stingone v. Elephant's Trunk Flea Market, 53 Conn. App. 725, 729-30,732 A.2d 200 (1999). Section § 52-593a (a) is a savings statute which "becomes operative only where the process has been delivered before the running of the statute of limitations . . . the serving officer . . . attest[ed] to the date of delivery . . . and the process is served within fifteen days of the date of delivery." (Internal quotation marks omitted.) Neligon v. Port Associates, Superior Court, judicial district CT Page 3138 of New Haven at Meriden, Docket No. CV 00 0273345 (October 12, 2001, Gilardi, J.).
"Courts have reached different conclusions regarding compliance with subsection (b) of § 52-593a. Some courts have held that strict compliance with [the endorsement requirement under § 52-593a (b)] is necessary to avail oneself of [§ 52-593a (a)] . . ." Hornyak v. St.Pierre, Superior Court, judicial district of Waterbury, Docket No. CV 960131012 (August. 1, 2000, Wiese, J.) (27 Conn.L.Rptr. 716, 717); see, e.g., Cazimovski v. Retro Clubs, Inc., Superior Court, judicial district of Waterbury, Docket No. CV 96 130900 (May 28, 1996, Pellegrino, J.) (§ 52-593a unavailable to save action because marshal failed to indicate in return, date on which he received service). In the majority of cases, however, courts "have recognized that the savings provisions of General Statutes § 52-593a should be liberally construed because of the statute's remedial purpose." Martidis v. Lombard Realty, Superior Court, judicial district of Waterbury, Docket No. CV 97 0142374 (July 30, 1998, Pellegrino, J.) (22 Conn.L.Rptr. 534, 535). These courts have held that "the statute does not mandate the written endorsement of the date of delivery of process on the original return, that failure to [comply with § 52-593a (b)] is amendable," by affidavit or via an amended return. Holness v. Gray, Superior Court, judicial district of Hartford, Docket No. 01 0805850 (April 17, 2002, Wagner, J.) (32 Conn.L.Rptr. 109, 110); see, e.g., Thomas v. Nicola, Superior Court, judicial district of New London, Docket No. CV 92 524494 (May 6, 1994, Austin, J.) (court held action saved under § 52-593a because compliance with § 52-593a (b) achieved by affidavits or amended return); Allen v. Chelednik, Superior Court, judicial district of Danbury, Docket No. CV95 0321475 (August 16, 1996, Moraghan, J.) (17 Conn.L.Rptr. 427, 428) (court held action saved under § 52-593a
because marshal's affidavit indicated he received process before statute of limitations expired). This court agrees with the reasoning of the latter line of cases.
The purpose of § 52-593a is to save an action which is otherwise barred because process was completed after the statute of limitations expired. See Zarillo v. Peck, 33 Conn. Sup. 676, 366 A.2 1165, cert. denied, 171 Conn. 731, 357 A.2d 515 (1976). A court should not "elevate form over substance by analyzing a statute on the basis of its structure rather than its purpose." Reichert v. Sheridan, 34 Conn. App. 521, 525,642 A.2d 51 (1994), aff'd, 233 Conn. 251, 658 A.2d 96 (1995). Moreover, our Supreme Court has long held that "any . . . return of process is amendable, and, if an error has intervened, ought to be amended and made to speak the exact truth." Palmer v. Thayer, 28 Conn. 237, 243 (1859). "[Absent] a showing of prejudice or that [a marshal's] amended return [or CT Page 3139 affidavit] is inaccurate," the court has the discretion to consider said documents when determining whether an action is saved under § 52-593a.Robel v. Nassir, Superior Court, judicial district of New Haven, Docket No. SPNH 98 04 54492 (May 8, 1998, Levin, J.).
In the present action, the plaintiff has provided evidence that the present action falls within the purview of General Statutes § 52-593a. As the plaintiff filed an amended return of service that complies with the statute, the action is not lost because the marshal's original return did not state the date on which process was delivered to him. Viewing the evidence in the light most favorable to the nonmoving party, this court finds that the action was timely commenced. Therefore, the defendant's motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 6th day of March 2003.
William B. Lewis, Judge