## LORI STINGONE *v.* ELEPHANT'S TRUNK FLEA MARKET ET AL.
### (AC 18204)

O'Connell, C. J., and Foti and Lavery, Js.

Argued March 15—officially released June 15, 1999

*Hugh F. Keefe*, with whom, on the brief, was *Eric P. Smith*, for the appellant (plaintiff).

*Joseph B. Myers, Jr.*, with whom, on the brief, was *Paul Erickson*, for the appellees (defendants).

*Opinion*

FOTI, J. The plaintiff, Lori Stingone, appeals from the judgment of the trial court rendered following the granting of a motion for summary judgment filed by the defendants, Elephant's Trunk Flea Market and Ideational Hybrid Corporation. On appeal, the plaintiff claims that the trial court improperly granted the defendants' motion for summary judgment after it determined that the plaintiff's action was time barred by the applicable statute of limitations.[1] We agree and reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On September

---

[1] The plaintiff's cause of action, sounding in negligence, is governed by General Statutes § 52-584, which provides in relevant part: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ."

11, 1994, the plaintiff was injured when she allegedly slipped and fell on the defendants' property, a flea market in New Milford. On September 11, 1996, two years after the accident, the plaintiff delivered a writ of summons and complaint to the sheriff for the purpose of effectuating service on the defendants. On September 12, 1996, the defendant Ideational Hybrid Corporation was served with process. On September 15, 1996, the defendant Elephant's Trunk Flea Market was served with process.

On September 27, 1996, the writ of summons and complaint, along with affidavits and an entry fee, were filed with the clerk of the Superior Court at Bantam. On that same date, however, the clerk at Bantam rejected the documents, returning them to the plaintiff's counsel. The clerk indicated that the documents were being returned because they had been filed in the wrong court[2] and because the complaint was not signed. Upon receiving the documents from the Bantam clerk, the plaintiff's counsel signed the complaint and returned it, along with the writ of summons and affidavits, to the clerk of the Superior Court in the judicial district of Litchfield, the appropriate court for the plaintiff's cause of action.

On October 16, 1996, the clerk at Litchfield rejected those documents because, although they were now filed in the correct court, the writ of summons and complaint still indicated that the action was returnable to Bantam. In addition, the plaintiff's counsel failed to resubmit the $150 entry fee, which had been retained by the clerk in Bantam.

---

[2] The plaintiff's writ of summons and complaint both indicated that the plaintiff's cause of action was returnable to Bantam. Under General Statutes § 52-45a, a writ in a civil action *"may run into any judicial district* and shall be signed by a commissioner of the Superior Court or a judge or clerk of the court to which it is returnable." (Emphasis added.) Bantam is not a judicial district. See General Statutes § 51-344.

Thereafter, on November 15, 1996, the plaintiff served upon the defendants a new writ of summons, a motion to amend the complaint and an amended complaint, changing the court location stated in the caption of the complaint and on the writ from Bantam to Litchfield. On December 2, 1996, the plaintiff then attempted to return that process, along with the original summons and complaint, to the clerk of the Superior Court in Litchfield. Those documents were again rejected by the clerk because the plaintiff failed to indicate a return date on the writ of summons.

Finally, in February, 1997, the defendants were served a third time with a new writ of summons, a second amended complaint and a motion to amend process, which sought to amend the return date to March 18, 1997.[3] Thereafter, on February 10, 1997, that process was returned by the plaintiff and accepted by the clerk in Litchfield. On June 2, 1997, the defendants filed their answer and a special defense to the plaintiff's action. The action was then claimed to the jury and trial lists.

On October 17, 1997, the defendants filed a motion for summary judgment, claiming that the plaintiff's action was time barred by the applicable statute of limitations. On February 23, 1998, the trial court granted the defendants' motion and rendered summary judgment in their favor. In so doing, the trial court noted that "[i]n this case, it is undisputed that the alleged wrongful conduct occurred on September 11, 1994. The parties also agree that the applicable statute of limitations is two years, provided by General Statutes § 52-584. Furthermore, the parties agree that service of process was originally made within the time allowed by General Statutes § 52-593a (a). The issue in dispute is when this action was filed. . . .

---

[3] The motion to amend process was never adjudicated by the trial court.

"[T]his court takes notice of the fact that the court's file does not include a complaint that was filed on October 22, 1996, [the original return date] but rather February 10, 1997. Therefore, it is an established fact that the plaintiff's complaint was filed with this court on February 10, 1997. As such, the complaint was filed more than two years after the date of the alleged wrongful conduct. Accordingly, there is no genuine issue of material fact in dispute and the defendants' motion for summary judgment is granted."

In this case, the plaintiff asserts that the trial court improperly determined that the plaintiff's action was time barred. Specifically, the plaintiff argues that the trial court improperly determined when her action was "commenced" for statute of limitations purposes. We agree.

"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Levine* v. *Advest, Inc.*, 244 Conn. 732, 743, 714 A.2d 649 (1998); *Maffucci* v. *Royal Park Ltd. Partnership*, 243 Conn. 552, 554, 707 A.2d 15 (1998); see Practice Book § 17-49. "Summary judgment may be granted where the claim is barred by the statute of limitations." *Doty* v. *Mucci*, 238 Conn. 800, 806, 679 A.2d 945 (1996).

It has long been the law in this state that an action is deemed to be commenced on the date service is made on the defendant. *Rana* v. *Ritacco*, 236 Conn. 330, 337, 672 A.2d 946 (1996). An exception to this rule, however, may be found in General Statutes § 52-593a (a), which

provides that "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery."

We conclude, therefore, that the trial court's reliance on the date the plaintiff's cause of action was "filed," or returned to the Superior Court, was improper. In *Rana* v. *Ritacco*, supra, 236 Conn. 337, our Supreme Court declared "that an action is brought once the [writ of] summons and complaint have been served upon a defendant." In so doing, it explicitly reversed this court's earlier conclusion that an action is not considered brought until the defendant has been served with process, *and* such process has been returned to court. Here, the trial court's reliance on the February 10, 1997 return date as the controlling date for statute of limitations purposes is in direct contradiction to the established rule announced in *Rana* v. *Ritacco*, supra, 337.

In this case, the plaintiff delivered her writ of summons and complaint to the sheriff for service on September 11, 1996, two years to the day following the alleged accident. Thereafter, on September 12 and 15, 1996, respectively, the defendants, Ideational Hybrid Corporation and Elephant's Trunk Flea Market, were served with process. Accordingly, we find that since the plaintiff delivered her process to the sheriff within the two year time period provided by § 52-584, and since the defendants were served "within fifteen days of [that] delivery," the plaintiff's cause of action was not time-barred. See General Statutes § 52-593a.

That does not, however, end our analysis in this case. We note that because the clerks in both Bantam and

Litchfield rejected the plaintiff's initial attempts to return process, there is, in fact, no pending complaint in the trial court file that was served on the defendants within the applicable statute of limitations. As the trial court found, "[a]n October 16, 1996 complaint does not appear in the court's file." The only complaint that appears in the trial court file is that which was served on the defendants in February, 1997, some five months after the statute of limitations had run.[4]

As stated previously, following the plaintiff's first attempt to return process on September 27, 1996, the clerk at Bantam rejected the documents because Bantam was the wrong court and because the complaint was not signed.[5] Upon receiving the documents from the clerk, the plaintiff's counsel signed the complaint and returned it to Litchfield. On October 16, 1996, however, the clerk at Litchfield rejected those documents because the writ of summons and complaint still indicated that the action was returnable to Bantam and because the plaintiff's counsel failed to enclose the $150 entry fee. We find that the clerk at Litchfield had no authority to reject the process returned there on October 16, 1996.

First, the October 16, 1996 process was returned to the Superior Court at least six days prior to the October

---

[4] We note that an examination of the original complaint and the second amended complaint discloses that, except for the caption, they are indistinguishable.

[5] We acknowledge that under Practice Book § 7-6, "[n]o document in any case shall be filed by the clerk unless it has been signed by counsel or a pro se party and contains the title of the case to which it belongs, the docket number assigned to it by the clerk and the nature of the document. . . ." Accordingly, it was not improper for the clerk at Bantam to reject the plaintiff's process based on her attorney's failure to sign the complaint. See also *Shokite v. Perez*, 19 Conn. App. 203, 206, 561 A.2d 461 (1989) (Practice Book § 399, now § 7-6, imposes obligation on clerk to reject pleadings not signed by counsel).

22, 1996 return date.[6] In addition, although the writ of summons and complaint still mistakenly indicated that the action was returnable to Bantam, that mistake could have been corrected.[7] Both the General Statutes and the rules of practice allow the plaintiff, as a matter of right, to amend *"any* defect, mistake or informality" in the pleadings within thirty days of the return date. (Emphasis added.) General Statutes § 52-128; Practice Book § 10-59. Finally, while the plaintiff failed to resubmit the $150 entry fee, we do not feel that the plaintiff should be penalized for the Bantam clerk's failure to return the original entry fee to the plaintiff or to otherwise indicate that she would be required to tender an additional entry fee upon resubmission of the process.

We find, therefore, that the plaintiff's action was served on the defendants within the applicable time

---

[6] Pursuant to General Statutes § 52-46a, "[p]rocess in civil actions returnable to the Supreme Court shall be returned to its clerk at least twenty days before the return day and, if returnable to the Superior Court, except process in summary process actions and petitions for paternity and support, to the clerk of such court at least six days before the return day." Here, since the process was returned to the clerk in Litchfield on October 16, 1996, it was returned in a timely manner and complied with § 52-46a.

Additionally, we must note, however, that the process received by the Litchfield clerk was not date stamped as received. Nevertheless, neither party disputes that that process was, in fact, received by the Litchfield clerk by October 16, 1996. Further, the return of papers sheet that was sent to the plaintiff, along with the rejected process, indicates that the process was rejected on October 16, 1996. Therefore, even though the clerk failed to date stamp the process as received by October 16, 1996, it must have been received, at the latest, by that date.

[7] To the extent that this original process incorrectly indicates that the plaintiff's cause of action is returnable to Bantam, such a defect is, even at this late date, correctable. Under General Statutes § 52-128, "[t]he plaintiff may amend any defect, mistake or informality in the writ, complaint, declaration or petition, and insert new counts in the complaint or declaration, which might have been originally inserted therein, without costs, within the first thirty days after the return day *and at any time afterwards on the payment of costs at the discretion of the court;* but, after any such amendment, the defendant shall have a reasonable time to answer the same." (Emphasis added.)

period of § 52-584 and is not time barred.[8] Additionally, we conclude that the clerk in Litchfield had no authority to reject the process that was returned there by the plaintiff on October 16, 1996. The clerk's office does not have the authority to reject and return writs of summons and complaints returned to the Superior Court with the proper fee when any defects can be amended by right or corrected by motion pursuant to the General Statutes or the rules of practice.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.

---

[8] We note that although we employ the long-standing rule that an action is deemed commenced for statute of limitations purposes on the date the defendant is served with process, and not when that process is returned to the court, the failure of the plaintiff to return properly that process to the clerk of the court is not without consequence. For example, "the requirement of § 52-46a to return process in civil actions to the clerk of the Superior Court at least six days before the return date is mandatory and failure to comply with its requirements renders the proceeding voidable, rather than void, and subject to abatement. *Rogozinski* v. *American Food Service Equipment Corp.*, 211 Conn. 431, 433, 559 A.2d 1110 (1989). '[O]nce an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the service of process within the mandated time period.' *Rana* v. *Ritacco*, [supra, 236 Conn. 339]." *Coppola* v. *Coppola*, 243 Conn. 657, 661–62, 707 A.2d 281 (1998). So, although an action may be commenced through the service of process for statute of limitations purposes, the action is subject to dismissal if the plaintiff fails to return that service in a timely manner.