[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on defendants' motion for summary judgment.
On July 31, 1995, the plaintiffs, Dmitry and Adel Tolchinsky, filed an amended five count complaint against the defendants, Town of East Lyme, Frederick Thumm (Di rector of Public Works for the Town of East Lyme), Gary Fritz (Sewer Superintendent for the Town of East Lyme), Consulting Environmental Engineers, Inc., KWP Associates and Brito Enterprises, Inc. The complaint alleges that the plaintiffs have suffered damages as a result of the defendants' negligent design and installation of a sewer system in the town of East Lyme, Connecticut.
Count one alleges that the defendant Town of East Lyme was under a duty to supervise the construction, maintenance, alteration and repair of the town sewers, as well as a duty to exercise reasonable care to ensure that all properties in the CT Page 10973 Town of East Lyme were considered and included in the design and installation of the town sewer system. The plaintiffs allege that the town negligently performed these duties when it designed and installed the sewer system without taking the plaintiffs' property into consideration. Count two alleges that the defendants Thumm and Fritz were each under a duty to inspect, survey and supervise the construction, maintenance, alteration and repair of the public sewer systems in the Town of East Lyme, and that they negligently performed this duty such that the plaintiffs' property was not considered I; when elevations were taken or when the sewer system was designed or installed. Counts three and four have been stricken, and count five is brought solely against the defendant Brito Enterprises, Inc.,[1] which is not a party to the present motion for summary judgment. For purposes of this motion, only counts one and two are relevant.
On April 13, 1999, the defendants filed a motion for summary judgment and a memorandum of law in support. On April 30, 1999, the plaintiffs filed an objection to the defendants' motion for summary judgment and a memorandum in support. The defendants filed a reply to the plaintiffs' objection on May 7, 1999.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co.,248 Conn. 195, 201, ___ A.2d ___ (1999); Practice Book § 17-49. "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.)Serrano v. Burns, 248 Conn. 419, 424, ___ A.2d ___ (1999). "Summary judgment may be granted where the claim is barred by the statute of limitations." (Internal quotation marks omitted.)Stingone v. Elenhant's Trunk Flea Market, 53 Conn. App. 725, 729, ___ A.2d ___ (1999).
As previously stated, the plaintiffs allege in count one that the Town of East Lyme was under a duty to supervise the construction, maintenance, alteration and repair of the town sewer system, and breached this duty when it designed and installed the town sewer system without properly considering the plaintiffs' property. In count two, the plaintiffs allege that town employees Thumm and Fritz were under a similar duty to CT Page 10974 supervise, inspect and survey the construction, maintenance, alteration and repair of the town's sewer system, and that they breached this duty when the plaintiffs' property was not considered when the new sewer system was designed and installed. As a result, the plaintiffs allege that they will never be able to hook up to the sewer system and will never derive any benefit from it, because the town sewer pipe accessible to their property is too high to permit proper sewage, and cannot support an electric pump. The plaintiffs allege, further, that they have suffered and will continue to suffer economic damages related to their property. The defendants move for summary judgment on the grounds that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law, in that the plaintiffs' claims are barred by the applicable statute of limitations, General Statutes § 7-465[2] and by the doctrine of governmental immunity, General Statutes § 52-557n.
General Statutes § 7-465 (a), provides in pertinent part: "(a) Any town., shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property . . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty." General Statutes § 7-465 (a). The statute further provides: "No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause ofaction there for arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause ofaction has accrued." (Emphasis added.) General Statutes § 7-465
(a).
In support of their motion for summary judgment, the defendants argue that the installation of the sewer main was completed on or before November 26, 1991, and that the statute of limitations should run from this date. Further, since notice of intent to sue the town was not served upon the town clerk until CT Page 10975 March 13, 1995, and since legal action was not filed until May 8, 1995, the plaintiffs failed to comply with the requirements of §7-465. In further support of this contention, the defendants have submitted an affidavit of the defendant Thumm, in which he states that, "[t]he design of said project was completed at some point prior to the completion of the installation of the sewer main and stub. . . . The installation of the sewer main under Pleasant Drive Extension was completed on November 8, 1991. . . . The installation of the connection stub from said sewer main to the property line of [the plaintiffs' property] was completed on November 26, 1991. . . . No further sewer construction was performed concerning the plaintiffs' property after November 26, 1991." Affidavit of Thumm. Moreover, the plaintiffs have admitted that they "have no evidence to contradict the factual assertion that the installation of the sewer main under Pleasant Drive Extension, Niantic was completed on or before November 26, 1991." Defendants' Request For Admissions, Answer # 3.
The plaintiffs contend that the statute of limitations should not begin to run until the date that they were granted a waiver from the sewer system from the East Lyme Water Sewer Commission, which was on December 27, 1994. The plaintiffs further argue that the statute of limitations should not run until this date because they were exhausting their administrative remedies before filing an appeal with the Superior Court. This case is not an administrative appeal, but rather a direct suit for damages under § 7-465. As such, the plaintiffs' argument must fail.
It is possible, however, that the statute of limitations did not begin to run until the plaintiffs first discovered or should have discovered the defect. The plaintiffs state in their complaint that they first received notice to connect to the sewer system on June 30, 1993, however, they did not discover the defect in the system until after they received the second letter to connect, dated August 18, 1994. Even if the statute of limitations did not commence running until the date the plaintiffs first discovered or should have discovered the defect, the plaintiffs' claim still must fail, since they did not file notice with the town clerk within six months of either June 30, 1993 or August 18, 1994.
The judges of the Superior Court case have held that the statute of limitations provision in § 7-465 either begins to run from the date of injury or from the date the plaintiff first CT Page 10976 received notice of the defective condition. In Kivlen v. Town ofNew Fairfield, Superior Court, judicial district of Danbury, Docket No. 295770 (March 2, 1992, Fuller, J.), the court held that the date of installation of a sewer system, not the date the plaintiffs were first notified of defects within the system, was the operable date forthe statute of limitations. In that case, the septic system was installed in November, 1980, however, the plaintiffs did not receive notice of defects within the system until February 23, 1988. The court held that the plaintiffs did not provide notice with the town clerk within six months of the time at which their cause of action arose, which was the date of installation and approval of the sewer system. As such, the town's motion for summary judgment was granted.
Alternatively, two judges of the Superior Court have tolled the statute of limitations provision of § 7-465 until the timethe plaintiff actually received notice of the defectivecondition. In Dellapuila v. Chiara, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 439716 (February 4, 1991, Allen, J.), the plaintiff sued the Town of Enfield, as well as several town employees and officials for damages allegedly suffered as the result of the adoption of a new master plan of development, a zoning change application, and an application to amend the Enfield zoning ordinance. The defendant moved to dismiss on the ground that the plaintiff had not complied with the notice requirements set forth in §§ 7-101 a and 7-465. The court denied the motion and held that "the cause of action did not accrue until the plaintiff discovered or should have discovered through the exercise of reasonable care that he had been injured." Id.
Also, in New London County Mutual v. Town of Brooklyn, Superior Court, judicial district of Windham at Putnam, Docket No. 058429 (October 1, 1998, Sferrazza, J.), the court determined that where the plaintiff insurance company alleged that the negligent conduct of the defendants occurred on May 28, 1996, but remained undiscovered by the plaintiff's insured until March 17, 1997, the plaintiff's cause of action accrued as of the date itwas first discovered. Despite tolling the statute of limitations until the date of discovery of the negligent conduct, the plaintiff failed to comply with the six month notice requirement of § 7-465. Thus, the court granted the defendant's motion to dismiss.
Under either analysis, the present case is barred by the CT Page 10977 statute of limitations provisions of § 7-465. If the court uses the alleged date of installation, November 26, 1991, as the date when the statute of limitations began to run, clearly the plaintiffs' suit is barred. The plaintiffs did not file notice with the town clerk until March 13, 1995, and did not commence legal action until May 8, 1995. Alternatively, if the court uses the date the plaintiffs first admittedly had notice of a defect, either June 30, 1993 or August 18, 1994, this claim is still barred by the statute of limitations because the plaintiffs did not comply with the six month requirement of § 7-465.
"Because a statutory notice requirement, such as is contained in [§] 7-465, creates a right of action which is in derogation of the common-law, it demands strict compliance." New London CountyMutual v. Town of Brooklyn, supra, Superior Court, Docket No. 058429, citing Simko v. Zoning Board of Appeals, 206 Conn. 374,377, 538 A.2d 202 (1988). "In particular, where the statute creating this right of action contains a specific time or notice limitation that requirement is a jurisdictional prerequisite."New London County Mutual v. Town of Brooklyn, supra, Superior Court, Docket No. 058429, citing Ambroise v. William Raveis RealEstate. Inc., 226 Conn. 757, 766, 628 A.2d 1303 (1993). Since the plaintiffs in the present case failed to comply with the notification requirements of § 7-465, the defendants' motion for summary judgment is granted.
 Governmental Immunity
Since the plaintiffs' claim is barred by the statute of limitations, it is unnecessary for the court to address the issue of governmental immunity.
Mihalakos, J.