[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Ryan, David and Erica Handy, individually, and as representatives of the minor Ryan, filed this action in four counts on November 12, 1999. They seek, inter alia, recovery from two of the defendants, the Town of Redding and Kathleen Kelly, on the theories of premises liability and negligent supervision for injuries allegedly sustained by Ryan while under the care and supervision of the defendants on or about October 14, 1997.[1]
The defendants Redding and Kelly were served with process by Deputy Sheriff J. Steven Woods on October 28, 1999 and October 29, 1999, respectively. On December 23, 1999, the sheriff filed an amended return and attached thereto an affidavit stating that the plaintiffs had delivered their writ, summons and complaint to the sheriff on October 14, 1999.
The defendants filed a motion to dismiss the plaintiffs' action on December 14, 1999. The motion was filed on the grounds that this court lacks subject matter jurisdiction over the defendants because the two year statute of limitations on the plaintiffs' action expired prior to the service of process upon the defendants, and because the return of service was not filed with the clerk at least six days prior to the return date. The plaintiffs have filed, along with their brief in opposition to the motion to dismiss, a motion to amend the writ, summons and complaint to reflect an amended return date of November 23, 1999, to cure the defective return date. The defendants subsequently withdrew their challenge to jurisdiction insofar as it was based on the plaintiffs' failure to return process six days prior to the unamended return date.
The time limit within which to commence a negligence action is "two years from the date when the injury is first sustained or discovered. . . ." Section 52-584 of the General Statutes. A civil action may, however, be commenced after the expiration of the statutory time limit within which to bring the action if CT Page 4663 delivery of the process by the plaintiff to the process server and subsequent service of the process on the defendant conforms to specific statutory provisions. "It has long been the law in this state that an action is deemed to be commenced on the date service is made on the defendant. . . . An exception to this rule, however, may be found in General Statutes § 52-593a
(a), which provides that a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." (Citation omitted; internal quotation marks omitted.) Stingone v.Elephant's Trunk Flea Market, 53 Conn. App. 725, 729-30 (1999), quoting § 52-593a (a). In addition, General Statutes §52-72 provides that a return date or other defect in a civil process may be cured by the filing of an amended process, and "[s]uch amended process shall be served in the same manner as other civil process and shall have the same effect . . . as if originally proper in form.
The defendants argue that they were not served with process within the appropriate statute of limitations. Furthermore, the defendants argue that although the sheriff filed an amended return and affidavit attached thereto pursuant to § 52-593 a, there is no other proof that the sheriff received the process from the plaintiffs prior to the expiration of the two year time limit on the commencement of this civil action. Therefore, the defendants argue that the action against them should be dismissed.
The sheriff testified under oath at oral argument that the process was personally delivered to him by the plaintiffs within the time limitations of § 52-584, and that the sheriff served the process on the defendants within the fifteen day statutory period set forth in § 52-593a. As evidence of this, the plaintiffs have attached to their brief in opposition to the motion to dismiss the sheriffs amended return and accompanying affidavit. The affidavit attests to the fact that the plaintiffs delivered process to the sheriff in accordance with § 52-593
a.
At the request of the defendants, this matter was set down for a hearing on the issue of service of process and to receive the testimony of the sheriff who served the civil process at issue in CT Page 4664 the present case. During the hearing, the sheriff testified that he received the process from the plaintiffs within the time limitation of § 52-584, and served the process in accordance with § 52-593a upon the defendants, Redding and Kelly, on October 28, 1999, and October 29, 1999, respectively. The sheriff was not able to produce any notes or a journal to corroborate his testimony when asked to do so by the defendants. The defendants, however, did not produce any evidence to refute the sheriffs statements made under oath at the hearing, or statements contained in the affidavit accompanying the amended sheriffs return that was filed.
"The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return." (Internal quotation marks omitted.) Standard Tallow Corporationv. Jowdy, 190 Conn. 48, 53 (1983). The "sheriffs [amended] return is prima facie evidence of the facts stated therein. . . . the burden rests on the defendant to prove insufficiency of service of process." (Citations omitted; internal quotation marks omitted.) Ridgefield Bank v. Gengarelly, Superior Court, judicial district of Danbury, Docket No. 332418 (February 10, 1999,Moraghan, J.). However, the defendants may contradict those statements and may introduce facts to the contrary. See Collinsv. Scholz, 34 Conn. Sup. 501, 502 (1976). Notwithstanding the defendants' arguments to the contrary, and the sheriffs inability to produce notes or a journal to corroborate his testimony, the defendants failed to produce any evidence or testimony to contradict the facts contained within the sheriffs amended return and accompanying affidavit.
The sheriffs amended return and accompanying affidavit prevent the loss of the plaintiffs' action, notwithstanding the expiration of the time limit within which to bring this negligence action, because the process was delivered to the sheriff within the time to commence such an action and the sheriff served the process within fifteen days of receiving the process from the plaintiffs. The amended return and accompanying affidavit conform to the requirements of § 52-593a.
Therefore, the defendants' motion to dismiss is, accordingly, denied.
Moraghan, J.