[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #116
Before the court is the defendant's motion for summary judgment on the ground that the plaintiff failed to timely serve the defendant with process, and, therefore, the plaintiff's cause of action is time-barred.
The plaintiff, Janet Jastroch, brings this action against the defendant, Charles Haynes, for injuries allegedly sustained in an CT Page 2923 automobile accident on September 15, 1997. The statute of limitation on actions of this type is two years. General Statutes § 52-584. Therefore, because an action commences when service is made upon a defendant, Hillman v. Greenwich, 217 Conn. 520, 527, 587 A.2d 99 (1991), the plaintiff was required to serve the defendant with process no later than September 15, 1999.
The following facts are undisputed. The plaintiff had two last known addresses of the defendant, which she gave to the sheriff, along with the process, on August 21, 1999. The sheriff attempted to locate the defendant at both addresses over several weeks, but was unsuccessful. The sheriff eventually learned that the defendant had moved to California, his precise whereabouts unknown. Then, pursuant to General Statutes § 52-63, the sheriff served process on the Secretary of State on September 22, 1999.
The only dispute between the parties is the timeliness of the service of process. The defendant argues that service was untimely, process having been served seven days after the applicable statute of limitations ran. In response, the plaintiff argues that service was timely, pursuant to General Statutes § 52-593a, because the process was given to the sheriff before the applicable time limitation ran out, thus giving the sheriff a fifteen-day grace period, after the end of the limitations period, to serve the defendant.
General Statutes § 52-593a provides in pertinent part: "[A] cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff with the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." "It is not attempted service but actual service that commences an action in Connecticut." Gallop v.Commercial Painting Co., 42 Conn. Sup. 187, 189, 612 A.2d 826 (1992). According to the plain language of General Statutes § 52-593a, a sheriff who receives process before the expiration of the limitations period has fifteen days from the date of delivery of the process to serve the defendant. See Stingione v. Elephant's Trunk Flea Market,53 Conn. App. 725, 730, 732 A.2d 200 (1999). Contrary to the plaintiff's assertion, § 52-593a does not extend the limitations period by fifteen days, but instead gives the sheriff fifteen days to serve the process. Attempted service will not suffice. Gallop v. Commercial PaintingCo., supra, 42 Conn. Sup. 189. In the present case, the sheriff received the process on August 21, 1999. The fifteen days, therefore, runs from that date, not from September 15, 1999, the day the limitations period ran. Accordingly, service on the defendant was not timely, and, CT Page 2924 therefore, the plaintiff's action is time-barred.
Based on the foregoing, the court grants the defendant's motion for summary judgment.[1]
STODOLINK, J.T.R.