[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] I
 STATEMENT OF THE CASE CT Page 15862
This action was instituted by the plaintiff Anthony Santos, against the defendant, Kurt M. Ahlberg seeking compensatory damages caused by the defendant's alleged negligence. Ahlberg is an attorney who represented the plaintiff in the sale of real property that was to be sold to Sir V Development, LLC, and SIR Development (buyers). The buyers gave Ahlberg a $37,500.00 check as a deposit for the purchase of the plaintiff's property. This check was also to serve as liquidation damages if the sale defaulted. The sale did default and allegedly the buyers stopped payment on the check before the plaintiff could recover liquidation damages. The plaintiff alleges that the defendant is liable for the plaintiff's losses because he failed to deposit the check into the escrow account before the buyers defaulted and stopped payment. The defendant filed and served an apportionment on the buyers who defaulted.
One of the buyers, the apportionment defendant, SIR V Development, has filed a motion to dismiss the apportionment complaint as it relates to SIR V Development for lack of subject matter jurisdiction. The apportionment defendant argues that the apportionment complaint lacks subject matter jurisdiction because it fails to include a recognizance and bond for prosecution.[1] It further argues that the apportionment complaint contains no allegations against the apportionment defendant and therefore no case or controversy exists.
The original apportionment complaint was filed on June 7, 2001, with a return date of June 26, 2001. On July 16, 2001, the apportionment defendant filed a motion to dismiss the apportionment complaint for lack of subject matter jurisdiction. On July 19, 2001, the apportionment plaintiff filed an amended apportionment complaint as of right, pursuant to General Statutes § 52-128 and Practice Book § 10-59.[2]
 II DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnik, 244 Conn. 781,787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542,142 L.Ed.2d 451 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding CT Page 15863 further with the case." (Internal quotation marks omitted.) CommunityCollaborative of Bridgeport, Inc. v. Gamm, 241 Conn. 546, 552, 698 A.2d 245
(1997).
The parties' dispute in this case brings two established principles of Connecticut law into question. On one hand, the apportionment plaintiff argues that he amended his complaint within 30 days of the return date, and since the motion to dismiss is directed against the initial apportionment complaint and not the amended complaint, the motion should be denied. As authority, the apportionment plaintiff relies on a plaintiff's statutory right to amend his complaint within 30 days of the return date. "Both the General Statutes and the rules of practice allow the plaintiff, as a matter of right, to amend "any defect, mistake or informality' in the pleadings within thirty days of the return date. . . . General Statutes § 52-128; Practice Book § 10-59." (Emphasis in original.) Stingone v. Elephant's Trunk Flea Market, 53 Conn. App. 725,732, 732 A.2d 200 (1999).
The apportionment defendant on the other hand argues that because the motion to dismiss questions subject matter jurisdiction and was filed before the amended pleading, it must be resolved before proceeding any further, and therefore, the court must rule on the motion to dismiss without any consideration of the apportionment plaintiff's amended complaint. The apportionment defendant supports its argument by citingFederal Deposit Ins. Corp. v. Peabody. N.E., Inc., 239 Conn. 93,680 A.2d 1321 (1996); Gurliacci v. Mayer, supra, 218 Conn. 531; BaldwinPiano Organ Co. v. Blake, 186 Conn. 295, 441 A.2d 183 (1982); and Isaacv. Mt. Sinai Hospital, 3 Conn. App. 598, 490 A.2d 1024 (1985). The court finds these cases relied on by the apportionment defendant as being distinguishable from the instant case because they all involve a motion or request to amend requiring action by the court. The apportionment plaintiff's position is more persuasive specifically because he utilized a statute authorizing him to amend his complaint as a matter of right within 30 days of the return date to correct "any defect." C.G.S. §52-128; see also, Practice Book § 10-59.
In cases where an amended complaint is filed within 30 days of the return date, numerous decisions of the Superior Court hold that the amendment operates to cure a jurisdictional deficiency even if the amendment was preceded by a motion to dismiss. Sleeping Giant AssociatesLtd. Partnership v. Zikorus, Superior Court, judicial district of New Haven, Docket No. 535276 (July 16, 1993, Riddle, J.); PAS Associates v.Twin Laboratories, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 174428 (January 4, 2000, Mintz,J.) (after the filing of a motion to dismiss for lack of subject matter jurisdiction, the plaintiff's filing of an amended complaint pursuant to CT Page 15864 Practice Book § 10-59 was an appropriate way to correct complaint);Vasel v. Vasel, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 556058 (September 17, 1996, Wagner, J.) (held that "`[t]he plaintiff may cure a defect after a motion to dismiss has been filed and before the motion has been acted upon by the court . . . and such an . . . amendment is valid even though a motion to dismiss for lack of subject matter jurisdiction is pending because an amendment as of right requires no action by the court'").
As explained by Judge Riddle in Sleeping Giant Associates Ltd.Partnership v. Zikorus, supra, regarding a plaintiff's statutory right to amend: "[t]he plaintiff may amend any defect in its complaint within the first thirty days after the return date. General Statutes § 52-128; Practice Book § 175 [now § 10-59]; Marrinan v. Hamer,5 Conn. App. 101, 103, 497 A.2d 67 (1985). An amendment within thirty days is an amendment as of right, and does not require that any motion `be entertained' by the court. Sheehan v. Zoning Commission, 173 Conn. 408,412-13, 378 A.2d 519 (1977). The plaintiff may cure a defect after a motion to dismiss has been filed and before the motion has been acted upon by the court. Franchi v. Farmholme, Inc., 191 Conn. 201, 208,464 A.2d 35 (1983). This right to amend is effective whenever the amendment is made before the commencement of trial. McLaughlin Ford,Inc. v. Ford Motor Co., 192 Conn. 558, 564, 473 A.2d 1185 (1984)."
"It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Amodio v.Amodio, 247 Conn. 724, 728, 724 A.2d 1084 (1999). The court should not curtail the statutory period of time that a party has to correct a defective complaint simply to rule that the complaint is defective. To do so would subvert the very reason for having a thirty-day period within which to correct a defective complaint. In the present case, the apportionment plaintiff did correct the apportionment complaint within the thirty day period. Neither the statute nor the rules of practice give the court any discretion but to accept the amendment even when the amendment addresses a jurisdictional issue. There is nothing theoretically unsound about this proposition because the legislature obviously may enact statutes that affect the court's jurisdiction.
Therefore, the court should consider the amended apportionment complaint as the operative pleading for the purpose of determining subject matter jurisdiction. The amended apportionment complaint corrects the pleading defects in the original complaint. The amended complaint names SIR V Development as an apportionment defendant and alleges that SIR V Development caused damages to the apportionment plaintiff by defaulting on the sales agreement and stopping payment on a check to be CT Page 15865 used as liquidated damages. The amended apportionment complaint provides this court with subject matter jurisdiction and the apportionment defendant's motion to dismiss should be denied. The court does not consider or reach the question whether the defects of the initial apportionment complaint deprived the court of subject matter jurisdiction.
 III CONCLUSION
Therefore, for the foregoing reasons, the motion to dismiss filed by the apportionment defendant SIR V Development is hereby denied.
So ordered this 21st day of November 2001.
STEVENS, J.