[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On September 19, 2001, the plaintiffs, Michelle Crepeau and Maureen Flynn, individually and as parent and next friend of Jenna Flynn, filed this action against the defendants, Alison Hill and Camp Horizons, Inc., for injuries sustained by the plaintiffs as a result of a collision. The plaintiffs allege that at the time of the accident Hill was operating a motor vehicle owned by Camp Horizons as an agent, servant and/or employee and with the permission and consent of Camp Horizons. The plaintiffs allege that Hill was negligent and careless in that she failed to keep a reasonable and proper lookout, she drove at a greater rate of speed than the circumstances warranted, she failed to stop or slow down in time to avoid the collision, her vehicle had defective brakes or she failed to apply the brakes in time to avoid the collision, she failed to turn her vehicle in time to avoid the collision and she failed to give the plaintiffs a timely warning or any warning whatsoever of the impending collision. The plaintiffs further allege that Hill violated General Statutes §§ 14-218a, 14-80h and 14-240.
On October 12, 2001, Hill filed a motion to dismiss the complaint based on insufficiency of process and lack of personal jurisdiction. Hill filed an appearance on September 21, 2001, and, therefore, the motion to dismiss was filed within thirty days of the appearance as required by Practice Book § 10-30. Hill filed a memorandum of law in support of the motion to dismiss and an affidavit. The plaintiffs did not file a memorandum in opposition to the motion to dismiss as required by Practice Book § 10-31, but they did argue in opposition to the motion at short calendar.
"A motion to dismiss . . . properly attacks the jurisdiction of the CT Page 2966 court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11,722 A.2d 271 (1999). "A motion to dismiss is used to assert jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record." Villager Pond, Inc. v. Darien, 54 Conn. App. 178, 182,734 A.2d 1031 (1999).
Hill argues that process in this case was returnable more than two months after the date of process in violation of General Statutes §52-48. Hill contends that process begins when the plaintiffs sign the papers rather than when the papers are actually served. Hill asserts that the complaint was signed on August 7, 2001, and served on September 10, 2001, with a return date of October 9, 2001. Hill also argues that the plaintiffs failed to serve Hill in accordance with General Statutes §52-54 because she was not served in person or at her usual place of abode.
The plaintiffs contend that process does not begin until the papers are actually served on the defendants. The plaintiffs assert that the return date was within two months of the date of process because it was served on September 10, 2001, and the return date was October 9, 2001. The plaintiffs also argue that Hill was served properly because the address on her driver's license was that of Camp Horizons and, therefore, Camp Horizons was her last place of abode.
General Statutes § 52-45a provides in relevant part that "[c]ivil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, to which it is returnable, the return day, the date and place for the filing of an appearance and information required by the Office of the Chief Court Administrator. The writ shall be accompanied by the plaintiff's complaint." "It has long been the law in this state that an action is deemed to be commenced on the date service is made on the defendant."Stingone v. Elephant's Trunk Flea Market, 53 Conn. App. 725, 729,732 A.2d 200 (1999); see also Rana v. Ritacco, 236 Conn. 330, 337,672 A.2d 946 (1996). "Once an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the service of process within the mandated time CT Page 2967 period." Coppola v. Coppola, 243 Conn. 657, 662, 707 A.2d 281 (1998). According to § 52-48 (b) "[a]ll process shall be made returnable not later than two months after the date of the process and shall designate the place where the court is to be held."
Based on the foregoing, an action is commenced by service of process on the defendant. There is no authority for Hill's contention that process begins when the plaintiffs sign the papers. The plaintiffs served the defendants on September 10, 2001, and October 9, 2001 was designated as the return date. Accordingly, the plaintiffs complied with the mandated time period prescribed by § 52-48.
Hill also claims that the court lacks personal jurisdiction because she was not served in person or at her usual place of abode as provided in General Statutes § 52-54. The plaintiffs served Hill at her last address on file in the Department of Motor Vehicles on September 10, 2001. (Marshal's Return.) Hill left the country on September 5, 2001, with no intention of returning. (Affidavit of Linda Mosely, October 5, 2001, ¶ 5.) Therefore, Hill was not served in accordance with §52-54. There is, however, an alternative available under General Statutes § 52-63 when service cannot be made on an allegedly negligent operator or owner of a motor vehicle.
"General Statutes § 52-63 provides an alternate means of process on an allegedly negligent driver if it is impossible to make service of process at the operator's last known address." Niskanen v. Koen, Superior Court, judicial district of New London, Docket No. 546907 (July 6, 1999,Mihalakos, J.). "Any operator or owner of a motor vehicle at the time of issuance of his license or registration shall be deemed to have appointed the commissioner of Motor Vehicles as his attorney and to have agreed that any process in any civil action against him on account of any claim for damages resulting from his alleged negligence or the alleged negligence of his servant or agent in the operation of any motor vehicle in this state may be served upon the commissioner as provided in this section and shall have the same validity as if served upon the owner or operator personally, even though the person sought to be served has left the state prior to commencement of the action or his present whereabouts is unknown." General Statutes § 52-63 (a).
General Statutes § 52-63 (b) provides that: "Service of civil process may be made on a motor vehicle operator licensed under the provisions of chapter 246 by leaving a true and attested copy of the writ, summons and complaint at the office of the Commissioner of Motor Vehicles at least twelve days before the return day and by sending such a true and attested copy at least twelve days before the return day, by registered or certified mail, postage prepaid and return receipt CT Page 2968 requested, to the defendant at his last address on file in the Department of Motor Vehicles if (1) it is impossible to make service of process at the operator's last address on file in the Department of Motor Vehicles, and (2) the operator has caused injury to the person or property of another."
"Service on a person at his last address on file with the department of motor vehicles would be impossible if . . . the defendant no longer resided at the address or maintained it as an abode. . . ." Niskanen v.Koen, Superior Court, judicial district of New London, Docket No. 546907 (July 6, 1999, Mihalakos, J.). The court finds that service on Hill was impossible on September 10, 2001, because she no longer resided at Camp Horizons or maintained it as an abode. General Statutes § 52-63 is the alternate means by which service could have been made on Hill. The plaintiffs did not serve Hill in accordance with General Statutes §52-63; therefore, the court lacks personal jurisdiction over Hill and the complaint is dismissed.
Potter, J.