[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Park Ridge Owners Association, Inc. (Park Ridge), filed a five count second amended complaint on November 2, 2001, asserting breach of contract, breach of express warranty of workmanship, breach of implied warranty of workmanship, Connecticut Unfair Trade Practices Act (CUTPA) and negligence against the defendant, MBM, Inc. (MBM). The complaint is a result of a written contract that was entered into by the parties on or around May 10, 2000, for the rehabilitation and renovation of specified units within Park Ridge that sustained fire and water damage. On October 23, 2000, a mechanic's lien was filed in an attempt to secure its claim against Park Ridge. On October 22, 2001, MBM filed a lis pendens in the town of Hamden in New Haven county. On October 24, 2001, MBM filed an amended answer, special defense and a two count counterclaim for an outstanding balance of $18,980.00 and foreclosure of the October 23, 2000 mechanic's lien. On November 9, 2001, Park Ridge filed a motion CT Page 4466 to dismiss count two of MBM's counterclaim with a supporting memorandum on the ground that the court lacks subject matter jurisdiction. MBM filed an untimely memorandum in opposition on December 10, 2001.[1]
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.)Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314
(1995).
 A
Park Ridge first argues that the court lacks subject matter jurisdiction as to count two of MBM's counterclaim because MBM failed to file its foreclosure action within one year of recording its mechanic's lien pursuant to General Statutes § 49-39.[2] Specifically, although Park Ridge concedes that on October 22, 2001, MBM timely recorded a lis pendens, Park Ridge contends that MBM's filing on October 24, 2001, of an action to foreclose the mechanic's lien by way of counterclaim was untimely.
In opposition, MBM argues that the motion to dismiss count two of its counterclaim should be denied because the court has subject matter jurisdiction over its foreclosure action. MBM contends that the foreclosure action was initiated in the second count of the counterclaim, commenced by way of service of process and filing of the lis pendens on the land records on October 22, 2001. Although the return of process and pleading were filed with the court after October 22, 2001, MBM argues that does not negate the fact that the action was "commenced" within one year. MBM cites General Statutes § 52-592[3]
and General Statutes § 52-593[4] to support the proposition that an action is commenced when service of process is made.
"In Connecticut, a mechanic's lien is a creature of statute and establishes a right of action where none existed at common law." H.G.Bass Associates, Inc. v. Ethan Allen, Inc., 26 Conn. App. 426, 429,601 A.2d 1040 (1992). "In order for a party to foreclose a mechanic's lien it must comply with the requirements of § 49-39. Compliance with § 49-39 mandates that the party seeking to foreclose the lien must, within one year from the date the lien is recorded, (1) commence an CT Page 4467 action to foreclose the lien, and (2) record a notice of lis pendens." Id., 430. If the statutory requirements of § 49-39 are not met, the lien becomes invalid and is discharged as a matter of law. See id. "Where such a lien has been discharged as a matter of law, a court is without jurisdiction to enter an award that is predicated on the lien's validity." Richard A. Banks Co. v. Bradley, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 94968 (March 23, 1993, Lewis, J.) (8 Conn.L.Rptr. 511, 512). "When language is plain and unambiguous, we need look no farther than the words themselves because we assume that the language expresses the legislature's intent. . . . Indeed, [a] basic tenant of statutory construction is that when a statute . . . is clear and unambiguous, [generally] there is no room for construction." (Internal quotation marks omitted.) MattatuckMuseum-Mattatuck Historical Society v. Administrator, 238 Conn. 273,279, 679 A.2d 347 (1996).
In the present case, MBM's amended answer, special defense and two count counterclaim are dated October 22, 2001, and date-stamped as being filed with the court on October 24, 2001. The marshal's return of service indicates, however, that this pleading was served on Park Ridge on October 22, 2001. Further, a second return of service indicates that the marshal filed the lis pendens on the Hamden land records and served Park Ridge with a certified copy of the lis pendens on October 22, 2001.[5]
"It has long been the law in this state that an action is deemed to be commenced on the date service is made on the defendant." Stingone v.Elephant's Trunk Flea Market, 53 Conn. App. 725, 729, 732 A.2d 200
(1999); see also Rana v. Ritacco, 236 Conn. 330, 337, 672 A.2d 946
(1996); Valley Cable Vision, Inc. v. Public Utilities Commission,175 Conn. 30, 33-34, 392 A.2d 485 (1978). "[T]herefore . . . reliance on the date the plaintiffs cause of action was `filed,' or returned to the Superior Court, [is] improper." Stingone v. Elephant's Trunk FleaMarket, supra, 730.
Park Ridge's argument that MBM failed to comply with the one year time requirement under § 49-39 is without merit. MBM timely recorded the lis pendens and commenced its foreclosure action by service of its counterclaim on Park Ridge on October 22, 2001, which is within one year of its recording of its October 23, 2000 mechanic's lien. Accordingly, Park Ridge's motion to dismiss the second count of MBM's counterclaim on the ground MBM failed to comply with § 49-39 is denied.
 B
In addition, Park Ridge argues that it was never the owner of the property. (Plaintiffs Memorandum, Affidavit of Daniel Ioime, Esq., title CT Page 4468 examiner.) Therefore, MBM cannot foreclose on property that never belonged to Park Ridge. Furthermore, Park Ridge argues that the mechanic's lien erroneously names a party who was not the owner of record at the time of filing the lien, therefore, Park Ridge contends that MBM is in violation of General Statutes § 49-34[6] for not serving the mechanic's lien on the new owners within the statutorily required ninety-day period after termination of the project. The mechanic's lien names Mdjid and Mina Rasoulpour as owners of Park Ridge but, Park Ridge argues that, at the time the lien was filed, Dolores Johnson had owned the property for one month. (Plaintiffs Memorandum, Exhibit C.) Accordingly, Park Ridge argues that MBM's mechanic's lien is invalid because MBM is seeking to foreclose against a party with no ownership interest and whose lien is invalid on is face, therefore, the court lacks subject matter jurisdiction. In opposition, MBM contends that Park Ridge's arguments that it was never the owner of the property or that the proper owners were never served process is not an issue of subject matter jurisdiction.
The mechanic's lien is a creature of statute, and parties who invoke them must comply with the statutory requirements. See H.B. BassAssociates, Inc. v. Ethan Allen, Inc., supra, 26 Conn. App. 429. It is well established that "remedial statutes should be construed liberally in favor of those whom the law is intended to protect." Dysart Corp. v.Seaboard Surety Co., 240 Conn. 10, 18, 688 A.2d 306 (1997). "We have long endorsed a policy favoring liberal construction of claimed inadequacies in certificates of mechanics' liens in order to achieve the remedial purposes of the mechanics' lien statutes. Provisions of mechanics' lien law should be liberally construed so as to reasonably and fairly implement its remedial intent." (Internal quotation marks omitted.) J.C.Penney Properties, Inc. v. Peter M. Santella Co., 210 Conn. 511, 514,555 A.2d 990 (1989). "Our interpretation [of the mechanic's lien statute], however, may not depart from reasonable compliance with the specific terms of the statute under the guise of a liberal construction." (Internal quotation marks omitted.) F.B. Mattson Co. v. Tarte,247 Conn. 234, 238, 719 A.2d 1158 (1998). "Generosity of spirit does not . . . permit departure from reasonable compliance with the specific provisions of the statute." Camputaro v. Stuart Hardwood Corp.,180 Conn. 545, 551, 429 A.2d 796 (1980).
In the present case, MBM's mechanic's lien named Mdjid and Mina Rasoulpour as the owners of the property. (Plaintiffs Memorandum, Exhibit A.) Dolores Johnson, however, acquired ownership of the property on September 26, 2000. (Plaintiffs Memorandum, Exhibit C; Affidavit of Daniel Ioime, Esq., title examiner.) This mistake is not just a misnomer, rather, the error of naming the completely wrong owner yields the mechanic's lien invalid. Fisher Skylights, Inc. v. MashantucketCT Page 4469Pequot Indian Tribe, Superior Court, judicial district of New London at Norwich, Docket No. 104741 (July 11, 1994, Leuba, J.) (9 C.S.C.R. 843, 844); see also First Constitution Bank v. Harbor Village Ltd.Partnership, 230 Conn. 807, 817, 646 A.2d 812 (1994) ("Where . . . there has been `no attempt to give an accurate and true description, then . . . the certificate ought to be held void, as no better than a total omission to attempt to comply with its provisions.'"). Properly checking the land records would have shown that Dolores Johnson obtained title to the property on September 26, 2000. Failure to name the proper owner on the mechanic's lien and notify them within the ninety-day statutory period is a violation of § 49-34 and renders the mechanic's lien invalid as a matter of law. Papa v. Greenwich Green, Inc., 177 Conn. 295,416 A.2d 1196 (1979); see also Fisher Skylights, Inc. v. MashantucketPequot Indian Tribe, supra, 9 C.S.C.R. 844.
MBM's mechanic's lien is invalid pursuant to § 49-34 because the mechanic's lien named the wrong owner of the property and thus was never properly served in compliance with § 49-34. Therefore, because the lien is invalid, the court lacks subject matter jurisdiction to entertain MBM's foreclosure action. Fisher Skylights, Inc. v. Mashantucket PequotIndian Tribe, supra, 9 C.S.C.R. 844; see also Steeltech BuildingsProducts v. Viola, Superior Court, judicial district of Hartford at Hartford, Docket No. 580266 (May 15, 2000, Wagner, J.); Raymond'sBuilding Supply v. Santopietro, Superior court, judicial district of Waterbury, Docket No. 131319 (August 15, 1996, Pellegrino, J.); RichardA. Banks Co. v. Bradley, supra, 8 Conn.L.Rptr. 512. For the foregoing reasons, Park Ridge's motion to dismiss count two of MBM's counterclaim for lack of subject matter jurisdiction is granted.
 ___________________ Howard F. Zoarski, Judge Trial Referee